J. B. BURT *et al.*, Plaintiffs in Error, v. R. W. MEARS, Defendant in Error.

### Kansas City Court of Appeals, May 12, 1890.

1. **Replevin :** VENDOR RETAINING TITLE : REFUNDING PURCHASE MONEY PAID. Under section 5181, Revised Statutes, 1889, a vendor of household goods, who retains the title thereto until the same are paid for in full, cannot replevin them from his vendee without tendering or refunding the sums of purchase money paid after deducting therefrom a reasonable compensation for the use of such property and for damage done.

Burt v. Mears.

2. ———— : JUDGMENT FOR DAMAGES : VENDEE'S INTEREST. In replevin
by the vendor retaining the title against the vendee, who has paid
some of the purchase money and defaulted on the balance, it is
error to enter judgment for the defendant for the full value of the
goods; but such judgment should only be the amount defendant has
paid thereon less compensation for the use thereof and damage
thereto.

*Error to the Adair Circuit Court.*—HON. ANDREW
ELLISON, Judge.

REVERSED AND REMANDED.

*Harrington & McCall,* for appellants.

( 1 ) The court erred in sustaining the demurrer to
plaintiffs' evidence. Its action involves the construc-
tion of sections 5180 to 5181 of the Revised Statutes of
1889. These sections have reference to such sales as are
made on the condition that the title is to remain in the
vender till purchase price is fully paid. *Dailey v. Mfg.
Co.,* 88 Mo. 305. But this has nothing to do with the
case at bar. It was a leasing, and nothing from the
record discloses any fact from which any other conclu-
sion can be reached. ( 2 ) And although Mrs. Bowen
might have had the option of keeping the goods on
paying the price charged by plaintiffs on their books, if
she had made a contract to that effect, yet as she did
not, this cannot change the transaction from a hir-
ing or renting to that of a conditional sale. *Foreman
v. Drake,* 3 S. E. Rep. 842 ; *Mfg. Co. v. Heil,* 8 Atl.
Rep. 616. ( 3 ) Plaintiffs have a perfect right to take
possession of the property in question ( R. S. 1889,
sec. 7479 ), and so doing is no violation of section
5181 of statutes of 1889. *Weil v. State,* above cited ;
R. S. 1889, secs. 7481 and 7490. ( 4 ) The court erred
in finding for and rendering judgment for defendant
for one hundred dollars. The total value of property,

as shown by plaintiffs' ledger, which he had rented was $167.60. The total amount of credits shown by the ledger, including rent and goods returned, aggregate $80.25. The difference is $87.35, which would be the value of the balance of the goods defendant had in his possession. The evidence of Gerry shows the officer did not get all the goods, hence the $87.35 is in excess of the real difference to the value of the goods not found. (5) The law requires this not only, but that all questions growing out of the controversy, shall be finally settled in one and the same suit. *White v. VanHouten,* 51 Mo. 577; *Dilworth v. McKelvy,* 30 Mo. 150; *Dougherty v. Cooper,* 77 Mo. 535.

*John W. Johnson,* for respondent.

(1) The court did right in sustaining the demurrer to plaintiffs' evidence. Its action involves the construction of sections 5180 to 5181 of the Revised Statutes of 1889, and, whether the contract was that of a rental or conditional sale, it plainly comes within the provisions of sections above referred to. The above provisions of our statute would certainly be rendered nugatory if our courts were to decide that this case does not come within the provisions of the above statute. The cases, viz.: *Foreman v. Drake,* 3 S. E. Rep. 842; *Mfg. Co. v. Heil,* 8 Atl. Rep. 616; *Weil v. State,* 21 N. E. Rep. 643; *Edwards' Appeal,* 105 Pa. 103; *Dando v. Foulds,* 105 Pa. 74; *Forest v. Nelson,* 108 Pa. 481, are cited by plaintiffs as favoring their view of this case. We think not, and would further say that above authorities as far as in point favor respondent, therefore, we cite them. (2) Defendant being in possession of same, and all legal presumptions being in his favor he would be presumed to be a purchaser in good faith, or an agent, and there is no evidence to the contrary, and, the contract proven by the evidence being a conditional sale, such

contract must be evidenced by writing and recorded.    In either instance this case comes within the provisions of sections 5180 and 5181 of Revised Statutes of 1889. *Dailey v. Mfg. Co.*, 88 Mo. 305.

GILL, J.—This case was submitted to the decision of the trial court, without the aid of a jury, and, upon a finding and judgment for defendant, plaintiffs bring the cause here by writ of error.    It is an action of replevin for a lot of household goods.    The court assessed the value thereof at one hundred dollars, and the plaintiffs having possession thereof at the trial, and the defendant electing to accept the value assessed rather than the return thereof, judgment went against plaintiffs and their sureties on the replevin bond for the said one hundred dollars and costs.

Burt & Gerry, the plaintiffs, are dealers in new and second-hand goods at Kirksville, Missouri ; and in the conduct of their business they seemed to have furnished to defendant Mears, and his mother-in-law, Mrs. Bowen, the household goods in controversy to equip a hotel in said town of Kirksville.    Mears & Bowen failing to pay for the goods, and Mrs. Bowen having left the town, plaintiffs took the goods from the possession of Mears by the writ of replevin herein.    The only evidence at the trial was that offered by plaintiffs ; and from this it is obvious that the court found a *conditional sale* by Burt & Gerry to Mears & Bowen, that the goods were purchased on credit, with an agreement that title should remain with plaintiffs until the same were paid for in full, that Mears & Bowen had paid something on the goods, and that, as the evidence showed that plaintiffs had never refunded or tendered anything to said purchasers on account of the partial payments thus made, the court held that plaintiffs must fail in their action, by reason of the provisions of section 2508, Revised Statutes, 1879.    And indeed it is difficult to see how the

trial judge could, under the evidence, determine the *facts* any other way. The alleged "renting" was, clearly, a mere subterfuge.

I.   The law governing the rights of the parties is found in sections 2507 and 2508, Revised Statutes, 1879 (now sections 5180 and 5181, revision of 1889). Section 2507 provides that such conditional sales (where the title is to lodge with a vendor until the goods are paid for) shall be void as to all subsequent purchasers in good faith, and creditors, unless such condition be evidenced by a writing acknowledging and recorded, etc. Whereas section 2508 reads as follows : "Whenever such property is so sold or leased, rented, hired or delivered, it shall be unlawful for the vendor, leasor, renter or deliverer, or his, or their, agent, or servant, to take possession of said property *without tendering or refunding to the purchaser*, leasor, renter or hirer thereof, or any party receiving the same, the sum or sums of money so paid, *after deducting therefrom a reasonable compensation for use of such property*, which shall in no case exceed twenty-five per cent. of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in such contract or not, unless such property has been broken or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed." Clearly then, at the institution of this suit, the plaintiffs were not entitled to the possession of these goods, as they had not returned or offered to return the purchase money so paid, after deducting therefrom compensation for the use thereof and damages, if any, done the same.

II.   However this case must be reversed and remanded, because of the error in entering judgment for defendant and against plaintiffs for the *full value* of the goods in controversy, when, from the undisputed facts, it appears that defendant and his mother-in-law

only had a small interest or claim therein. Plaintiffs were the general owners, while Mears & Bowen were only entitled to have returned to them the small amount paid thereon, less compensation for the use thereof and damage thereto. The amount thus paid seems to have been less than thirty dollars. This must be reduced by compensation for use and by any damage done the property while in their possession. So that it may be that defendants may, in fact, have only a nominal interest in the goods. The goods then, subject to this small charge in favor of defendants, are the property of plaintiffs, and it would be unjust and inequitable to award defendants the entire value. In such case he is entitled to recover the *extent of this interest* in the property and nothing more. See *Baldridge v. Dawson*, 39 Mo. App. 527, and cases there cited; *Boutell v. Warne*, 66 Mo. 350; *Dilworth v. McKelvy*, 30 Mo. 149.

Judgment reversed and cause remanded for a new trial. All concur.