JESSE M. GENTRY, Appellant, v. ANNIE TEMPLETON. Respondent.

St. Louis Court of Appeals, November 24, 1891.

1. **Practice, Appellate:** TRIAL WITHOUT INSTRUCTIONS. When an action at law is tried without error, and no instructions are asked or given, the judgment of the trial court will be upheld on appeal, if it can be sustained on any possible theory of law applicable to the facts.

2.  **Sales of Personalty on Installment Plan:** REPLEVIN. The language of section 5180, of the Revised Statutes of 1889, having reference to conditional sales of personalty, or leases thereof, with the reservation of the title to the vendor or lessor until a certain price or sum has been paid by the vendee or lessee, covers every sale on the installment plan.

3.  **Practice, Appellate:** EXCEPTIONS NOT PRESERVED BY MOTION FOR NEW TRIAL. The action of the trial court in excluding evidence cannot be reviewed on appeal, if the ruling was not assigned as error in the motion for new trial.

4.  **Replevin:** ASSESSMENT OF VALUE OF PROPERTY. Where the plaintiff in an action of replevin is the general owner of the property in controversy and the defendant has a special interest therein, the judgment, if it be for the defendant, and the plaintiff has taken and holds the property, must ascertain and be for the value of such special interest and not the full value of the property.

5.  ———: **PARTIES:** HUSBAND AND WIFE. If an action of replevin is instituted against a married woman for property which is her separate property and in her possession, and if the property is taken from her under an order of delivery therein, she can in such action recover for the property or its value in her own name, it not being necessary to have her husband joined as a party.

*Appeal from the Louisiana Court of Common Pleas.*
HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Fagg & Ball,* for appellant.

(1) It was error on the part of the trial court to make the provisions of sections 5180 and 5181 applicable to this case. This was a conditional sale, but not such a one as was contemplated by these sections. (2) There could have been no common-law judgment and award of execution in favor of defendant being a *feme covert.* Whatever right of interest she may have had in the subject-matter of the suit could only have been tried and determined by a suit jointly prosecuted by herself and husband. *Britt v. Mears,* 41 Mo. App. 231; *Baldridge v. Dawson,* 39 Mo. App. 527; *Boutell*

*v. Warne,* 66 Mo. 350; *Dilworth v. McKelvy,* 30 Mo. 149; *McFerren v. Kinney,* 22 Mo. App. 555.

*W. H. Morrow,* for respondent.

(1) No instructions having been asked or given, and no exceptions to the introduction or exclusion of testimony having been raised by the motion for a new trial, there is nothing for the court to review, and the judgment should be affirmed. *Harrington v. Minor,* 80 Mo. 270; *Miller v. Breneke,* 83 Mo. 163; *Gaines v. Fender,* 82 Mo. 509; *Hamilton v. Boggess,* 63 Mo. 233; *Tyler v. Larimore,* 19 Mo. App. 445; *Wood v. Land,* 22 Mo. App. 425; *Schlicker v. Gordon,* 19 Mo. App. 486. (2) Plaintiff instituted this action, took possession of the property in controversy, prosecuted his suit to a successful issue in the justice's court, and sought to maintain it in the court to which the cause was appealed, and, having been defeated, brings his case here for review, and contends that, because defendant is a married woman, the suit should have been dismissed for want of jurisdiction of her person. In view of the foregoing facts it does not lie in plaintiff's mouth to say that defendant was incapable of contracting with him; his own standing in court depends solely upon her right to make such a contract. *Dailey v. Mfg. Co.,* 88 Mo. 301; *Brown v. Bowen,* 90 Mo. 184; *Blair v. Railroad,* 89 Mo. 383.

BIGGS, J.—The plaintiff sued the defendant, who is a married woman, before a justice of the peace for the possession of a piano. He gave bond, and the property was taken from the defendant by the constable and delivered to him. He obtained judgment before the justice, and the defendant appealed to the Louisiana court of common pleas, where, on a trial before the court sitting as a jury, the finding was for the defendant. Thereupon the court assessed the value of the property

at $150, being its full value under the evidence, and rendered a judgment for the return of the property to the defendant, or its full assessed value, as she might elect. On the trial the plaintiff saved an exception to the action of the court in rejecting certain testimony, but the objection was not renewed on the motion for a new trial; therefore, the matter is not before us for review. No instructions were asked or given.

When an action at law is tried without error, and no instructions are asked or given, the judgment of the trial court will be affirmed, if it can be sustained on any possible theory of law applicable to the facts. *Jungeman v. Brewing Co.*, 38 Mo. App. 458; *Bruen v. Fair Ass'n*, 40 Mo. App. 425; *Holladay v. Langford*, 13 Mo. App. 594; *Tyler v. Laremore*, 19 Mo. App. 445.

It was admitted by both parties that the plaintiff sold the piano to the defendant in June, 1882, for the sum of $300; that the purchase money was to be paid in monthly installments of $10; that, up to September, 1886, the defendant had only paid $141.50, and that nothing has been paid since; that it was agreed that the title to the property should remain in the plaintiff until the purchase money was paid; that the defendant, at the time of the sale, and at the date of the institution of the suit, was a married woman; that she retained the possession of the piano until April, 1890, when this action was begun, after she had refused to surrender it; and that the plaintiff failed to pay or tender back any portion of the purchase money. The plaintiff testified that the piano, when sold, was worth $300; that it was probably worth $150 at the time of the trial; that it had been greatly abused by the defendant; and that it was dirty, and that lead pencils and a pad-lock were found inside of it. Another witness, who was a dealer in pianos, placed the present value at $135 or $150. The foregoing is believed to be a fair statement of the evidence, upon which the finding and judgment were predicated

We are quite clear that the plaintiff's own evidence was sufficient to defeat his action. Our statute relating to conditional sales of personal property applies to this case, and must govern it. Section 5180 of the Revised Statutes of 1889, reads: "In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person *purchasing*, leasing, renting, hiring or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain to the vendor, lessor, renter, hirer or deliverer of the same, until such sum, or the value of such property, or any part thereof, shall have been paid, such condition in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers," etc. The section following (5181) reads: "Whenever such property shall be sold * * * it shall be unlawful for the vendor * * * to take possession of said property without tendering or refunding to the purchaser * * * or any party receiving the same, the sum or sums of money so paid after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed twenty-five-per-cent. of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in such contract or not, unless such property has been broken or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed."

It is insisted by the appellant's counsel that this statute was not intended to apply to such a case as this. This conclusion cannot be reached by any fair rule of construction. The language of section 5180 is very broad and comprehensive, and will cover every sale of personal property on the installment plan. The plaintiff admitted that he failed to tender back any portion

of the purchase money. This was sufficient to defeat his action, in the absence of proof that the actual damage to the piano, when added to the amount of the rental value permitted by the statute, equaled or exceeded the amounts paid by the defendant. *Burt v. Mears*, 41 Mo. App. 231. The plaintiff offered evidence on the subject of rental value, which the court excluded. An objection was made, and exception saved to the ruling of the court, but the objection was not renewed in the motion for a new trial. Under well-established rules of appellate practice, this condition of the record precludes us from reviewing the question. Wherefore we conclude that the finding of the court, that the plaintiff was not entitled to a judgment of recovery, was unavoidable.

It seems that the court assessed the defendant's damages at the full value of the property and rendered judgment accordingly. Under the undisputed evidence, this finding and judgment are opposed to every reported case in this state since the decision of the supreme court in the case of *Dilworth v. McKelvy*, 30 Mo. 149. In that case the supreme court decided that, where a plaintiff fails in a replevin suit, and shall have in his possession the property, the defendant's damages under the statute (R. S. 1889, sec. 7489) ought not to be the full value of the property, unless it appeared that the defendant was the absolute owner, or that the plaintiff was a stranger to the title. The doctrine of that case has been followed in this state (*Burt v. Mears, supra; Dodd v. Wilson*, 26 Mo. App. 462; *Baldridge v. Dawson*, 39 Mo. App. 527; *Boutell v. Warne*, 62 Mo. 350; *Dougherty v. Cooper*, 77 Mo. 528), and the rule is now firmly established that, where it appears that the plaintiff is the general owner of the goods, and that the defendant only has a special interest in them, it is the duty of the court in assessing the damages to ascertain the value of such special interest, and, after doing so, render an absolute judgment therefor, with the further direction, that

the plaintiff surrender the property to the defendant until he complies with the judgment of the court. In controversies between the general and special owner the judgment in each case must be governed by circumstances so as to meet and satisfy the equities of the case.

In the present action the undisputed evidence shows that the plaintiff is the general owner of the piano, and that the defendant owns a special interest, provided the installments paid by her exceed the actual damage done to the piano, when such damage ( if any ) is added to the amount of rental value allowed by the statute. The amount of such special interest, when ascertained, limits and fixes the assessment of damages. As the court acted on an entirely different theory, it is impossible to sustain its action. The effect of the court's judgment is a good illustration of the wisdom of the rule established in the *Dilworth case.* If we should allow the judgment to stand, the defendant would not only get the use of the piano free, for eight years, but she would compel the plaintiff to pay her $8.50 for the privilege she enjoyed. This would prove quite a good speculation for her.

The plaintiff's objection that the action was improperly brought against the defendant, she being a married woman, and that the court could only order the suit dismissed, is not tenable. It appeared that the defendant purchased the piano on her own account, and that her husband had nothing to do with the piano and took no part in the trade. Therefore, whatever interest the defendant acquired in the piano was, under our statute, her separate property. If it was separate property, and the defendant was in possession of it, which was conceded, her possession could not, in law, be the possession of her husband, so as to subject him to an action for its recovery. The defendant was the proper party to be sued. It may be conceded, without attempting to construe sections 1996 and 6864, Revised Statutes, 1889, that a

judgment at law could not be rendered against her for damages for the detention of the property, but it would be exceedingly strange, if the plaintiff was deprived of the summary remedy under the statute for its possession because the defendant was a married woman. *Dailey v. Mfg. Co.*, 88 Mo. 301. Under the new section in the practice act ( R. S. 1889, sec. 1996 ), it was not necessary to join the defendant's husband with her in the action.

The judgment of the trial court will be reversed, and the cause remanded with directions to retry the case in accordance with this opinion. All the judges concurring, it is so ordered.