McArthur v. St. Louis Piano Co.

IRENE McARTHUR, Respondent, v. ST. LOUIS PIANO COMPANY, Appellant.

St. Louis Court of Appeals, November 5, 1900.

1. Sale of Personal Property on Installment Plan: VENDEE, RIGHT OF: STATUTORY CONSTRUCTION: TITLE TO PROPERTY IN VENDOR. Sections 3412 and 3413 (Rev. Stat. 1899) provide that when personal property is sold on the installment plan, and the title is to remain in the vendor until the purchase money is fully paid, it will be unlawful for the vendor, as against the vendee, to resume possession of the property without tendering to the vendee the installments theretofore paid, less a reasonable sum for the use of the property not exceeding twenty-five per cent of the amounts so paid, and also deducting reasonable compensation for an actual breakage or damage to the property.

2. ———: ———: ———: ———: CAUSE OF ACTION. And it is plain that the statute creates in such cases a right in the vendee to demand and receive from the vendor or his assignee the amount so specified whenever the latter in any manner whatsoever regains possession of the property and refuses to redeliver it to the vendee; and the vendee may enforce his right by proper civil action.

3. ———: ———: ———: REPLEVIN: CONVERSION. And the vendee does not have to resort to a remedy by replevin or conversion.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

*W. C. & J. C. Jones* for appellant.

(1) The statute gives no right to a money judgment. Burt v Mears, 41 Mo. App. 231; Buggy Co. v. Hord, 65 Mo. App. 38; Barnes v. Rawlings, 74 Mo. App. 531. (2) The statute is in derogation of the common law, and should be strictly construed. Yankee v. Thompson, 51 Mo. 234; Stone v. Kelley, 59 Mo. App. 214; Jackson v. Railroad, 87 Mo. 422.

*John J. O'Connor* for respondent.

(1) Statutes in derogation of the common law are not, as a universal rule, strictly construed. But, on the contrary, when consistent with justice, they should receive such construction as will effectuate the purpose for which they were created by the legislature. Rozelle v. Harmon, 103 Mo. 339; Connor v. Railroad, 59 Mo. 285; State v. Landis, 54 Mo. App. 315. (2) Where the law gives one a right, without prescribing an adequate remedy for its enforcement, he is at liberty to adopt any adequate remedy provided by law for the enforcement of similar rights. State v. Severance, 55 Mo. 378; Householder v. Kansas City, 83 Mo. 488; Cummings v. Winn, 89 Mo. 51. (3) Sections 5180 and 5181, Revised Statutes 1889, were in force at the time plaintiff and defendant contracted with each other for the purchase of the piano, and hence said sections entered into and became a part of said contract as fully as if they had been written into said

contract. Therefore, a violation of the sections is a breach of the contract, and the injured party may recover for any damage sustained thereby. State ex rel. v. Laclede Gaslight Co., 102 Mo. 485; Choteau v. Railway, 122 Mo. 389; State ex rel. v. Board, 108 Mo. 242.

BIGGS, J.—Sections 3412 and 3413, Revised Statutes 1899 provide, that where personal property is sold on the installment plan, and the title is to remain in the vendor until the purchase money is fully paid, it will be unlawful for the vendor, as against the vendee, to resume possession of the property without tendering to the vendee the installments theretofore paid, less a reasonable sum for the use of the property not exceeding twenty-five per cent of the amounts so paid, and also deducting reasonable compensation for any actual breakage or damage to the property. The pivotal question in the case at bar is, whether the vendee in such a case can maintain an independent action for the amount so required to be refunded to him where the vendor has acquired the possession of the property without complying with the requirements of the statute. The affirmative of this proposition was presented by plaintiff's instructions, while those asked by the defendant (which were refused) presented the contrary view.

The evidence for plaintiff tended to prove that she purchased a piano from the defendant, to be paid for in monthly installments, the title to remain in defendant until the entire purchase money was paid; that she promptly paid several installments, when she defaulted on account of sickness; that during the time she had the piano at her boarding house in the city of St. Louis, and that during her absence the defendant replevied it in an action against her boarding house keeper; that prior to the institution of the action the de-

fendant failed to refund to plaintiff the installments so paid or any part thereof, and afterwards it refused, upon plaintiff's demand, to pay seventy-five per cent of the amounts so paid by her.

The evidence for the defendant tended to prove that the piano in question had been sold by defendant to Mrs. D. McArthur, the mother of plaintiff; that several years prior to the sale in question the same instrument had been sold to her by defendant, and that she having made default in the monthly payments surrendered it to defendant, and the sale was cancelled; that about two years thereafter the second sale was agreed to upon the same terms of the first, and that all subsequent payments were made by Mrs. McArthur, and not by plaintiff. There was a judgment in favor of plaintiff for seventy-five per cent of the installments paid, from which judgment the defendant has appealed.

The present action is to recover back seventy-five per cent of the amount of the installments which plaintiff claimed she had paid, and as before stated, the main contention of defendant is that the statute does not create an independent cause of action in favor of the vendee, and that in the circumstances of the case the plaintiff's only remedy would be replevin, or perhaps an action of conversion. We can not agree to this. The statute provides that it shall be *unlawful* for the vendor in such cases to retake the property without first tendering to the vendee at least seventy-five per cent of the installments theretofore paid, less the actual damage (if any) to the property. Plainly the statute creates in such cases a right in the vendee to demand and receive from the vendor or his assignee the amount so specified whenever the latter in any manner whatsoever regains possession of the property and refuses to redeliver it to the vendee. Possessing such a right it is elementary law that the vendee may assert

or enforce it by proper civil action.    The point in judgment
has not to our knowledge been presented to the appellate
courts of the state, but it seems to us that there is but little,
if any, ground to question the correctness of our construction
of the statute.    We therefore conclude that the circuit court
properly overruled the defendant's instruction for a nonsuit.

The defendant asked the following instruction, which the
circuit court refused to give, to-wit:  "If from the evidence
the jury find that E. Gabler & Bro. Piano No. 33870 was sold
by defendant to Mrs. D. McArthur then their verdict must be
for defendant."    Under the evidence the instruction if it had
been given would probably have misled the jury.    The evi-
dence tended to show that the piano mentioned in the instruc-
tion had been the subject of two sales.    It was undisputed
that the first sale was to Mrs. McArthur, while the matter of
controversy concerned only the second, which the plaintiff
claimed was made to her and not to her mother.    The instruc-
tion should have directed the attention of the jury to the
second sale.    However, this phase of the evidence was fairly
presented in another instruction asked by the defendant, in
which the jury were told that if they found from the evidence
that the defendant made no sale of any piano to Miss Irene
McArthur but that any sale made by it was to Mrs. D. Mc-
Arthur, then the jury will find for defendant."    This assign-
ment of error will likewise be overruled.

After default the defendant wrote several letters to Mrs.
McArthur urging her to pay the past due installments.    These
letters were offered in evidence as tending to show whom the
defendant regarded as the contracting party.    They were in-
competent for that purpose, and the circuit court did right in
excluding them.    If the offer of proof had been supplemented
by evidence tending to show that the plaintiff read the letters
or was advised of their contents and remained silent, then

they would have been admissible as tending to disprove the claim subsequently made by plaintiff that she and not her mother had made the second purchase.

With the concurrence of the other judges the judgment will be affirmed. All concur.