## J. A. URQUHART, Respondent, v. SEARS, ROEBUCK AND COMPANY, Appellant.

### Springfield Court of Appeals, February 14, 1921.

1. **JUDGMENT: In Replevin in Favor of Vendor under Conditional Sale cannot Prevent Purchaser from Recovering 75 Per cent of Amount Paid.** Under Revised Statutes 1919, section 2285, providing, relative to conditional sales, that it shall be unlawful for the vendor to take possession without tendering or refunding to the purchaser the sums paid, after deducting reasonable compensation for the use of the property, not exceeding 25 per cent of the amount paid, a judgment for the vendor in an action of replevin is not conclusive against the purchaser's right to sue for 75 per cent of the amount paid, though, in accordance with section 3112, it finds the amount of the vendor's special interest, and provides that the purchaser may regain possession by paying that amount.

2. **SALES: Vendor under Conditional Sale must affirmatively Show Refund or Tender of Amount Paid, Less Reasonable Compensation.** Under Revised Statutes 1919, section 2285, the vendor under a conditional sale contract in an action of replevin must affirmatively show tender or refund of the amount paid by the purchaser, less reasonable compensation for the use of the property, and the purchaser is not required to bring forward the defense of no tender or refund to defeat the action.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*Ward & Reeves*, for appellant.

(1) The respondent cannot maintain this action, because the matters here relied upon were proper defensive matters in the replevin suit between the same

parties. It matters not now whether the decision and judgment of the justice court was right or wrong, it was a final judgment between the same parties unappealed from, and respondent's alleged cause of action here is *res adjudicata.* Roth Tool Co. v. Spring Co., 146 Mo. App. 36-31; Spratt v. Early, 199 Mo. 501; Summet v. Realty & Brokerage Co., 208 Mo. 501. (2) The defense of *res adjudicata* is especially applicable to this case and is a complete bar to plaintiff's recovery, because in a replevin suit all rights and interests of the parties affecting the property, including all liens and priorities, and even equities, are proper subjects of the inquiry and adjudication. Sec. 7774 & 7779, R. S. 1909; Schneider v. Johnson et al., 161 Mo. App. 384-5; McCormick Harvesting Co. v. Hill, 104 Mo. App. 544; Burt v. Mears, 41 Mo. App. 231; Gentry v. Templeton, 47 Mo. App. 55; Baldridge v. Dawson, 39 Mo. App. 527; Watkins v. Green, 116 Mo. App. 593. (3) And it matters not that the plaintiff in his statement in replevin does not set out the nature of his claim or special interest in the property, or that of the defendant therein, yet, it is the duty of the justice or the jury to fully and completely determine and adjudicate all matters between the parties affecting the rights of the parties touching the property. Secs. 7759-7774-7779, R. S. 1909; Watkins v. Green, 116 Mo. App. 593; Studebaker Bros. Mfg. Co. v. Davis, 137 Mo. App. 58; Randol v. Buchanan, 61 Mo. App. 445. (4) "If the proceeds of its sale be insufficient to satisfy the vendor's claim, he may in an appropriate manner pursue the vendee for the residue. The vendor has the further remedy of foreclosure of his equitable lien." In re Bettman-Johnson Co., 250 Fed. 666; Albright v. Meredith, 58 Mo. St. 201, 50 N. E. 719; In re National Cash Register Co., 174 Fed. 579; Smith v. Barber, 153 Ind. 330, 53 N. E. 1014; Walker v. Brown, 165 U. S. 654, 41 L. Ed. 865; Jones on Liens, sec. 41; 20 Harvard Law Review, 371 note. (5) The court erred in giving Declaration of Law No. "A" on behalf of the plaintiff to the effect that under the

law and the evidence the finding and judgment of the court should be for the plaintiff. The declaration of law No. ''A'' given by the court was equivalent to a peremptory instruction to a jury to find for the plaintiff. For this error alone this case should be reversed. A. Jaicks Co. v. Schoellkopf, et al, 220 S. W. (Mo. Supp.) 486; Vincent v. Means, 184 Mo. 341; Graw v. Prior, 53 Mo. 314-15; Lbr. Co. v. Christophel, 62 Mo. App. 101.

*L. E. Duncan* for respondent.

(1) The judgment in replevin is not *res adjudicata* or a bar to this action, for the following reasons, to-wit: (a.) The court had no jurisdiction in said replevin suit for the statement in said cause does not allege ''that the same (property sued for) has not been seized under any process, execution or attachment against the property of the plaintiff.'' R. S. 1609, sec. 7759; Geist et al. v. Loring, 60 Mo. 487; Madkins v. Trice, 65 Mo. 656. (2) The plaintiff's cause of action was not in issue in the replevin suit or passed upon by the court, and therefore not *res adjudicata.*. R. S. Mo. 1909, sec. 2890. McArthur v. Piano Co., 85 Mo. App. 526.

BRADLEY, J.—Plaintiff commenced this cause by attachment in a justice of the peace court in Pemiscot county alleging in his statement that he purchased from defendant a piano on the installment plan, defendant retaining the title, and that he paid $87.73 on the piano, and that defendant took from him said piana without tendering or refunding back to him any part of the amount paid. He asked judgment for seventy-five per cent of the amount paid. With his statement plaintiff filed an affidavit in attachment alleging that defendant was a nonresident. A writ issued, and under the writ the constable seized as the property of defendant the same piano that plaintiff originally purchased. Defendant entered its appearance, and the

contest was on the merits. Defendant prevailed in the justice court, and plaintiff appealed to the circuit court. There a trial was had and again judgment went for defendant, but the court granted a new trial. The cause then went on change of venue to Stoddard county, where it was tried before the court without a jury, and judgment rendered for plaintiff for $60. Unsuccessful in motion for new trial defendant brings the cause here by its appeal.

The contract under which plaintiff bought the piano was dated March 20, 1914. He was to pay as the first payment $10 and the freight, and thereafter was to pay $5 per month, and the title was to remain in defendant until paid for. Plaintiff paid the freight, and $80 on the piano, and then defaulted. Some considerable time elapsed, and no further payments being made defendant replevined the piano from plaintiff. In the statement in replevin plaintiff, defendant here, alleged that it was the owner of the piano, and lawfully entitled to possession, and asked judgment for the recovery of possession and damages for detention, or in lieu of possession if possession could not be had, then judgment was asked for $151 the value of the piano as alleged. This $151 was the amount of the purchase price less what had been paid. This replevin suit was filed in a justice court, and under the writ the constable took possession of the piano, and left it with a deputy sheriff in the neighborhood who held it as the constable's agent as a mere favor to accommodate the convenience of the constable at the time. Between the time the constable took the piano under the replevin writ, and the day the replevin cause was tried, the defendant there went where the constable left the piano, and without anybody's consent took the piano, and returned it to his home. The replevin suit was continued from time to time, and finally on January 21, 1919, a day on which the cause was set, plaintiff in that suit appeared, and announced ready, but defendant failed to appear. The justice after hearing the evidence

found the issues for the plaintiff and that "at the time
of the institution of this suit, as well as now, the plain-
tiff is entitled to the possession of the property sued
for, to-wit; one Victorian Concert Grand Piano, Ma-
hogany; and I further find that the plaintiff has a
special interest in said property in the sum of $151.
Wherefore the justice adjudges the possession of said
property to belong to plaintiff and that it recover of
defendant the possession thereof, and that defendant
regain possession thereof upon payment to plaintiff the
amount of said special interest, to-wit: $151.    Costs
are adjudged against defendant."    On this judgment
special execution issued reciting that Sears, Roebuck
and Company had obtained a judgment against Urqu-
hart for $151 for debt in a certain action commenced in
replevin and a claim of special interest in the piano,
and it is also recited in the execution that Sears, Roe-
buck and Company obtained judgment against Urqu-
hart for the possession of the piano, and that the exe-
cution plaintiff's interest in the piano was $151.    The
execution commanded the constable to levy upon the
piano to satisfy said judgment.    Under this execution
the constable levied upon the piano then in Urquhart's
possession and after advertising for 10 days sold same
at public sale on June 25, 1919, to Sears, Roebuck and
Company for $115.    The constable deducted the costs
from the proceeds, and applied the balance $78.70 on
"said judgment," according to the return.    Plaintiff
filed the present suit February 22, 1919, and caused the
piano to be attached, and the constable who held the
execution in the replevin case filed an interplea claim-
ing the right to the piano under the replevin proceed-
ings.    The interplea was tried out, and the constable
was awarded the possession.    Plaintiff Urquhart did
not appeal on the interplea, but proceeded with his
cause on the merits, the case now before us.

Plaintiff in the case at bar bottoms his cause on
section 2285, Revised Statutes 1919.    Defendant con-
tends that all of plaintiff's rights under that section

were adjudicated in the replevin case, and that he is now precluded from maintaining this cause. This is the only question in the case. Section 2285 pertains to conditional sales and provides so far as pertinent here that when property is sold under such circumstances as here that it shall be unlawful for the vendor to take possession of said property without tendering or refunding to the purchaser the money paid, less a reasonable sum as compensation for the use of the property, which sum for use it is provided shall not exceed twenty-five per cent of the amount paid. It appears in the record that Urquhart made no appearance in the replevin suit, and the justice recites in the judgment that Urquhart "failed to appear and made default." It is true that the justice in the replevin suit found that Sears, Roebuck and Company had a special interest in the piano in the sum of $151, and that Urquhart could regain possession by paying that sum. This judgment was evidently based on section 3112, Revised Statutes 1919. This section provides that in all cases where the property has been delivered to the plaintiff and is in his possession at the time of the trial, and the justice or jury shall find for the plaintiff judgment for recovery shall be rendered. It is further provided in this section that if the plaintiff was entitled to possession at the issuing of the writ, but not entitled to possession at time of trial, or shall have only a special interest, the justice or jury shall find according to the fact, and assess the value of the right or interest, and judgment be given accordingly. In view of section 2285 and the facts here we do not think that defendant can foreclose plaintiff's rights under section 2285 by the replevin judgment under section 3112. Section 2285 says in effect that it shall be *unlawful* for the vendor, the defendant here, to take possession of the piano without tendering back or refunding to plaintiff the money paid, less reasonable sum for the use of the piano, and that such sum for use shall not exceed twenty-five per cent of the amount paid. Defendant makes no claim

that it tendered or refunded any sum, and if a vendor may have his special interest determined in the manner attempted here without regard to section 2285 then the provisions of section 2285 could be ignored in almost any case where the section by its terms would be applicable. The provision to determine the interest of the parties under section 3112 has no application to conditional sale contracts where there is a plain statute defining the rights and duties of a conditional vendor and vendee. We are not holding that a conditional vendee might not if he desired have his rights adjudicated in a replevin case like the one before us, but we are holding that such rights cannot be adjudicated without his consent. McArthur v. St. Louis Piano Co., 85 Mo. App. 525, was an action under what are now sections 2284 and 2285 to recover seventy-five per cent of the amount of installments paid on a piano. The contention there was that the statute does not create an independent cause of action in favor of the conditional vendee, and that such vendee would have to resort to replevin or conversion. Of this contention the court said: "We cannot agree to this. The statute provides that it shall be unlawful for the vendor in such cases to retake the property without first tendering to the vendee at least seventy-five per cent of the installments theretofore paid, less the actual damage (if any) to the property. Plainly the statute creates in such cases a right in the vendee to demand and receive from the vendor or his assignee the amount so specified whenever the latter in any manner whatsoever regains possesion of the property and refuses to redeliver it to the vendee. Possessing such a right it is elementary law that the vendee may assert or enforce it by proper civil action."

Defendant contends that the rights of plaintiff under section 2285 were proper matters of defense in the replevin suit. This may be true, because if Urquhart had appeared in the replevin suit and contested it, and showed that no tender or refund had been made as required by the statute, he would have been entitled to

judgment in that case; and under the law and the facts here the judgment in the replevin suit should have been for Urquhart whether he appeared or not when it was disclosed to the justice that no tender or refund had been made. Under the statute, section 2285, the vendee is not required to bring forward the defense of no tender or refund to defeat replevin by the vendor, but the vendor is required affirmatively to show tender or refund to maintain replevin. [Burt v. Mears, 41 Mo. App. 231; Gentry v. Templeton, 47 Mo. App. 55.] If section 2285 creates an independent cause of action in the conditional vendee which is the holding in McArthur v. St. Louis Piano Co., supra, then Urquhart was not required to litigate that cause of action in the replevin case unless he desired to do so, and not having done so, the plaintiff there could not do so for him, and by such action make Urquhart's independent cause of action a matter of *res adjudicata*. Respondent contends that the judgment of the justice in the replevin suit is wholly void, but it is not necessary to go into that question. It is sufficient here to dispose of appellant's assignments. The judgment below should be affirmed, and it is so ordered. *Farrington, J.,* concurs. *Cox, P. J.,* not sitting.