## KING
### v.
### GENERAL MOTORS ACCEPTANCE CORPORATION.
#### No. 891–G.

United States District Court
M. D. North Carolina.

March 1, 1956.

———◆———

Ross & Saunders, Burlington, N. C., for plaintiff.

Shuping & Shuping, Greensboro, N. C., for defendant.

HAYES, District Judge.

The plaintiff executed on February 1, 1954, the usual conditional sales contract to pay the balance on a used Oldsmobile to secure the payment of 18 installments of $84.71 each beginning March 1, 1954, and payable on the first of each month thereafter.

There was a default in the payments due March 1 and April 1, 1954, and defendant elected, in accordance with the terms of the contract, to treat the entire indebtedness due.

Plaintiff took the car out of the state in violation of the contract which provided that it could not be done without the express permission of seller.

Defendant was unable to locate plaintiff or to establish any contact with her. After offering and paying a reward of $25 defendant located Chicago as the place where she was but being unable to find her or the car, defendant offered a reward of $25 to locate the automobile. It was located, parked on a street in Chicago. Defendant paid the reward and took possession of the car on April 15, 1954. The doors were not locked and the windows were open. No one was in or about the car. Defendant towed the car away some two or three blocks and finally was able with a master key to turn on the switch but could not unlock the trunk until a key was made and when the trunk was unlocked and opened, there was no leather brief case in it, although plaintiffs testified they left one in it.

■ Sometime earlier that night plaintiff placed some large scenic pictures and frames and some lamps in the car and locked the car when he parked it. However, the evidence clearly shows the personal property was not in the car when it was repossessed.

There was a folder containing some insurance papers and business cards in the car which defendant took along with the car and retained for the plaintiff not knowing the whereabouts of plaintiff. However, within a reasonable time after locating plaintiff defendant offered to return the papers but plaintiff refused to accept them on account of the matter then being in the hands of their lawyer.

■ The repossession of the car and the incidental temporary retention of the papers therein were expressly authorized in the conditional sales contract. There was no breach of the peace or display of force or trespass involved and no cause of action arose by reason thereof under the laws of North Caro-

**260**

lina or of Illinois. Narron v. Holleman Chevrolet Co., 205 N.C. 307, 171 S.E. 93; Jones v. Jos. Greenspon's Son Pipe Corp., 381 Ill. 615, 46 N.E.2d 67.

The fair market value of the automobile at the time of its seizure was insufficient to pay the expenses of locating and conveying it to North Carolina and to pay the net balance due on the contract after making necessary rebates on interest or carrying charges and unearned insurance. Consequently, plaintiffs are not entitled to recover anything. Since defendant has not sought any judgment for deficiency, it is unnecessary to determine the exact amount due defendant.