AUFFENBERG LINCOLN–MERCURY, Inc., a corporation (Plaintiff), Appellant,

v.

Richard G. WALLACE (Defendant), Respondent.

No. 30098.

St. Louis Court of Appeals. Missouri.

Dec. 2, 1958.

Rehearing Denied Dec. 30, 1958.

Limbaugh & Limbaugh, Stephen N. Limbaugh, Cape Girardeau, for appellant.

R. P. Smith, Cape Girardeau, for respondent.

DOERNER, Commissioner.

This is a suit on a note, secured by a conditional sales contract, executed and delivered by defendant in connection with his purchase of a station wagon from the plaintiff. The court below sustained defendant's motion to dismiss plaintiff's petition for failure to state a claim upon which relief could be granted, and after a trial without a jury, found for defendant in the sum of $1,406.25 on his counterclaim. Subsequent to the overruling of its motion for a new trial, plaintiff's appeal followed in due course.

At the outset, we are confronted with an unusual problem regarding the statement of facts. For the purpose of passing upon the action of the trial court in dismissing plaintiff's petition we are, of

course, required to accept as true all facts well pleaded, since they are admitted by a motion to dismiss for failure to state a claim. Hager v. Major, 353 Mo. 1166, 186 S.W.2d 564, 158 A.L.R. 584; State ex inf. McKittrick ex rel. Maloney v. Fidelity Assur. Ass'n, 352 Mo. 725, 179 S.W.2d 67. On the other hand, since the counterclaim was tried by the court without a jury, we are constrained to review the case upon both the law and the evidence as in suits of an equitable nature, and, while giving due deference to the opportunity of the trial court to judge of the credibility of the witnesses, to render such judgment as the trial court ought to have given. Section 510.310 RSMo 1949, V.A.M.S. Minor v. Lillard, Mo., 289 S.W.2d 1; Thumm v. Lohr, Mo.App., 306 S.W.2d 604. Fortunately, there are only one or two facts in dispute between the parties.

Plaintiff's amended petition alleged that on August 31, 1955, the defendant, who was then a resident of the State of Illinois, purchased from the plaintiff, an Illinois corporation, a 1955 Mercury station wagon for the total price of $4,321.60; that defendant made a down payment at the time of purchase of $1,060, and executed and delivered to the plaintiff a promissory note in writing whereby he promised to pay the plaintiff the sum of $3,261.60 in monthly installments of $90.60 each on the 15th of each month, beginning on October 15, 1955, until said note was paid in full; that at the same time and place, to secure the payment of the note, defendant executed and delivered to plaintiff a conditional sales contract, a photostatic copy of which, as well as one of said note, were attached to the petition as exhibits; that defendant made payments totaling $815.40 on said note, for which amount he was given credit; that defendant having failed to make any further payments, plaintiff repossessed said automobile, in accordance with said conditional sales contract, and resold the same; that after making all proper credits on defendant's said note (the account being set out in the petition) there

remains due plaintiff on said note the sum of $572.77; that the contract was entered into in the State of Illinois, "and the automobile involved was repossessed in the State of Illinois and was resold after repossession in the State of Illinois. This cause of action therefore arose out of and is derived from and is governed by the provisions of the Uniform Sales Act, Chapter 121½, Illinois Revised Statutes of 1955." Judgment was then prayed for said sum of $572.77, together with interest thereon, for costs, and for a reasonable attorney's fee, as provided in the note.

The copy of the conditional sales contract attached as an exhibit to the petition is in the usual form, only two of its provisions being of particular significance here. In the first, the defendant agreed not to remove the car from the State of Illinois without the written consent of the plaintiff; and in the second, it was provided that if the defendant defaulted the plaintiff might repossess the car, sell the same at public or private sale, apply the proceeds to the expenses of sale and the balance on the note, pay the surplus, if any, to the defendant, and "in case of a deficiency, Purchaser covenants to pay forthwith the amount thereof to the Seller."

In his answer to the amended petition the defendant denied that the automobile was repossessed in the State of Illinois, and alleged that the same was repossessed on August 23, 1956, in the City of St. Louis, Missouri, and that at said time defendant was a resident of Cape Girardeau, Missouri; that at the time defendant executed the conditional sales contract he advised plaintiff "that his residence in Illinois was temporary and that his permanent residence was in Cape Girardeau, Missouri"; and that plaintiff repossessed said automobile without tendering to defendant any portion of the sums theretofore paid under said conditional sales. In his counterclaim plaintiff alleged that he had paid the sum of $1,875 on the purchase price of said automobile; that plaintiff had repossessed

the same "without tendering to Defendant the sums of money paid thereon, as required by law"; and prayed for judgment for three-fourths of the amount paid, or $1,406.25.

The only evidence adduced in support of the counterclaim was the testimony of defendant. He stated that the purchase of the car from the plaintiff occurred in the last week of August, 1955, at his home, while he and his family were living in Belleville, Illinois; that the note and conditional sales contract were executed in his home in Belleville; that the car was delivered to him at his home; that in addition to the down payment of $1,060 made at the time the car was purchased he later made payments on the note to the First National Bank of Belleville, Illinois, totaling $815.40; that he had been living in Belleville, Illinois, from June 11, 1955, and that he moved to Cape Girardeau, Missouri, on February 11, 1956; that he was only living in Illinois temporarily, which was known to the defendant, because when the car was purchased the salesman brought up the question of whether the automobile should be registered in the State of Missouri or the State of Illinois; that he told the salesman it was permissible by him to register it in the State of Illinois; that he never told the salesman how long he planned to live in Illinois, but did tell him that his permanent residence would be Cape Girardeau; that he became one month in default on the note, and that on August 23, 1956, the defendant repossessed the automobile while it was at his place of employment in St. Louis, Missouri; and that the plaintiff had never paid or offered to pay any portion of what he had paid plaintiff on the car.

Thus the only significant fact on which the parties are in dispute is whether or not the repossession of the car occurred in Illinois or Missouri. In both a colloquy which occurred before the trial court and in the hearing here, appellant conceded that it was immaterial whether the repossession occurred in Missouri or in Illinois.

In view of this statement, and of the uncontroverted evidence given by defendant, for the purpose of this opinion we will assume that the repossession occurred in Missouri.

Defendant contended below, and argues here, that the law of the forum, Missouri, must determine the rights of the parties with respect to the remedies used; that having elected to retake the property in Missouri, plaintiff was required to do so in accordance with the law of our state; and that since Section 428.110 RSMo 1949, V.A.M.S., requires the vendor who repossesses property sold under a conditional sales contract to refund to the purchaser at least seventy-five per cent of the sum paid, and plaintiff failed to do so, defendant became entitled to recover from plaintiff the sum of $1,406.25, being three-fourths of the amount defendant had previously paid.

On its part, plaintiff contends that the law of the State of Illinois, where the contract was made, determines the validity of the contract; that under the law of that state the conditional sales contract was valid and enforceable, and that plaintiff's petition set forth a cause of action under the Illinois law; and that since the contract was valid in the state where made it will be enforced in Missouri on principles of comity.

 The State of Illinois in 1915 adopted the Uniform Sales Act, which recognizes the validity of conditional sales contracts. Smith-Hurd Ill. Annotated Stat. Chapter 121½, Section 20. Since the adoption of that Act, at least, a conditional sales agreement providing for retention of the title by the seller has been recognized as valid in that state. National Bank of Republic of Chicago v. Wells-Jackson Corp., 358 Ill. 356, 193 N.E. 215, 98 A.L.R. 618; Sherer-Gillett Co. v. Long, 318 Ill. 432, 149 N.E. 225. And the sellers continuing title to the property sold and his right to repossess it for a breach of the agreement, where no rights of third parties are in-

volved, are upheld by the decisions of the Illinois courts. Jones v. Jos. Greenspon's Son Pipe Corp., 381 Ill. 615, 46 N.E.2d 67; Sherer-Gillett Co. v. Long, supra.

In Missouri, the validity of conditional sales contracts has also been recognized from an early date, and the right of the unpaid seller to recover the property from a third party who was a bona fide purchaser for value without notice has been long upheld. Parmlee v. Catherwood, 36 Mo. 479. Because of the harshness of such cases, in 1877 our General Assembly enacted what is now Section 428.100 RSMo 1949, V.A.M.S., providing, in brief, that conditional sales are void as to all subsequent purchasers in good faith from the original vendee, and his creditors, unless recorded. Laws of 1877, p. 321. The second paragraph of the same Act has now become our Section 428.110, and reads:

"Whenever such property is so sold or leased, rented, hired or delivered, it shall be unlawful for the vendor, lessor, renter, hirer or deliverer, or his or their agent or servant, to take possession of said property without tendering or refunding to the purchaser, lessee, renter or hirer thereof, or any party receiving the same, the sum or sums of money so paid, after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed twenty-five per cent of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in such contract or not, unless such property has been broken or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed."

No similar provision is contained in the laws of Illinois.

Under Missouri law, where the purchaser under a conditional sales contract defaults, the seller may elect to repossess, or sue for the balance due, or foreclose his equitable lien. General Excavator Co. v. Emory, Mo.App., 40 S.W.2d 490; Kolb v. Golden Rule Baking Co., 222 Mo.App. 1068, 9 S.W.2d 840. If the vendor elects to retake the property he must refund to the purchaser part of the sum paid, in accordance with Section 428.110, and if he fails to do so the purchaser has a cause of action for seventy-five per cent of the sum paid. Urquhart v. Sears, Roebuck & Co., 207 Mo.App. 627, 227 S.W. 881. Hence, if the law of our state is applicable, the action of the trial court was proper.

Both parties recognize the general rule that the law of the state where the contract was made will be applied by another state to determine its validity, while matters respecting the remedy for its breach will be governed by the law of the state where the action is brought. Restatement of Conflicts of Laws, Ch. 12, pp. 699–701. Hence the ultimate issue to be resolved is whether the respective rights of the parties relate to matters of substance or to the remedy. Defendant relies principally on the case of American Hoist and Derrick Co. v. Trustees & Registrar Corp. of Mo., Mo.App., 27 S.W.2d 437, 438, in which a vendor under a conditional sales contract, who sought to obtain possession of property held in custodia legis, was required to first refund to the receiver for the purchaser seventy-five per cent of the amount the purchaser had paid. But this court there found that "all the facts show that the parties intended that the contract should be governed by the laws of Missouri", and the decision was based on the rule that where the parties agree that the law of another state shall apply, the law of the second state will govern where some element of the contract is properly referable to that state. Hansen v. Duvall, 333 Mo. 59, 62 S.W.2d 732; Yeats v. Dodson, 345 Mo. 196, 127 S.W.2d 652, modified 345 Mo. 196, 138 S.W.2d 1020. It has likewise been held that where the parties to a conditional sales contract made in one state contemplate the removal of the prop-

erty to another state, they will be held to have intended to contract with reference to the law of the second state. Memphis Bank & Trust Co. v. West, Mo.App., 260 S.W.2d 866.

But, in this case, no such intention that the law of Missouri should govern or that the property would be removed to this state was shown. The parties were both residents of the State of Illinois at the time the contract was made; the contract was entered into in that state; the automobile was delivered by the plaintiff to the defendant at his then residence in Illinois; and all payments were made by the defendant in Illinois. It may be true, as defendant testified, that he informed the plaintiff's salesman that he intended to move back to Cape Girardeau, but it is also true from his own testimony that the plaintiff was not advised when the defendant intended to move, and for aught that appears it might have occurred after he had completed his payments under the contract; that the date of his removal was undetermined and uncertain, and not imminent even in his own mind is borne out by the fact that he permitted the car to be registered in Illinois. And most important of all, the written contract entered into specifically provided that the defendant was not to remove the automobile from the State of Illinois without the written consent of the plaintiff. In the light of these facts, we do not believe it can be successfully contended that the parties intended that the automobile could be removed to Missouri without the knowledge or consent of the plaintiff, or that the rights of the parties were to be governed by the law of our state. Memphis Bank & Trust Co. v. West, supra.

Our courts have long held, in effect, that the vendor's right to possession is one involving the validity, that is, the substance of the agreement; and that if the conditional sales contract was valid in the state in which it was entered into, on principles of comity it would be enforced in Missouri, even at the expense of innocent third parties who may have acquired an interest in it for value and without notice. Parker-Harris Co. v. Stephens, 205 Mo.App. 373, 224 S.W. 1036; Associates Inv. Co. v. Froelich, Mo.App., 34 S.W.2d 987; Lewis v. Willingham, Mo.App., 274 S.W.2d 814; Memphis Bank & Trust Co. v. West, supra. Since the right to possession of the chattel is determined to be one of substance, it would seem to follow that the vendor's right to repossess from the purchaser free from the restrictions of Section 428.110 is likewise a matter of substance. And since the terms of the contract relative to the vendor's right to repossess, to sell the automobile, and after applying the proceeds to the expenses of sale and the note, to sue the defendant for any deficiency were valid and binding in the State of Illinois, on principles of comity, they are enforceable in Missouri. For as is said in Restatement of Conflicts of Laws, Chapter 7, Section 281:

"The power to foreclose a mortgage, lien or pledge on a chattel and the right to redeem are determined by the law of the state in which the chattel was at the time of the mortgage, lien or pledge."

It is a familiar rule that the court of the forum will not recognize and enforce a foreign law when to do so would contravene the public policy of that state. Parker-Harris Co. v. Stephens, supra. But as was recognized in that case, mere variation between the law of two sovereignties does not in itself constitute a difference in policy; it must appear not only that the law of the forum is contrary to that of the law of the place where the contract was made, but that by its terms it is applicable to contracts made in other states. In upholding the vendor's right to possession despite the provisions of Section 428.100, that court said:

"A statute to the contrary means a statute expressly applying to contracts

made out of the state, and not one which merely requires something different to that of the state where the contract was made." 224 S.W. loc. cit. 1038.

And in Wisdom v. Keithley, 237 Mo.App. 76, 167 S.W.2d 450, 456, this court said:

"We know of no statute in this state which relates to the validity of chattel mortgages executed in another state, and consequently there is no question in the case of the contravention of a local statute. Such a statute as might be contravened would be a statute expressly applying to mortgages executed out of the state, and not which might, in certain respects, require something different from the law of the state in which the mortgage was executed."

In the absence of any specific provision in Section 428.110 making it applicable to conditional sales contracts executed in other states, and in the light of these cases, it is not contrary to the public policy of Missouri to enforce the provisions of the instant contract without requiring the plaintiff to comply with the provisions of that statute.

The Commissioner accordingly recommends that the judgment of the Court of Common Pleas of Cape Girardeau County be reversed and the cause remanded for further proceedings consistent with this opinion.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

The judgment of the Court of Common Pleas of the County of Cape Girardeau is accordingly reversed and the cause remanded for further proceedings consistent with this opinion.

RUDDY, P. J., and WOLFE, J., concur.

ANDERSON, J., not sitting.