A. L. HASSARD-SHORT v. W. H. HARDISON et al.

*Breach of Contract—Damages, measure of.*

1. Damages for a violation of contract are recoverable only as a compensation for loss sustained thereby; if no loss accrues, or if by reasonable diligence the injured party can reduce the loss to a nominal sum, only nominal damages will be allowed.

2. Where, in the trial of an action for damages for breach of contract whereby defendants had agreed to deliver to plaintiff logs of a specified size for five years, it appeared that the defendants, in consequence of a dispute, ceased to deliver for one day, but on the next day resumed and continued the delivery until plaintiff refused to receive the logs, and that defendants were willing and able to carry out the original agreement, and plaintiff had shown, in order to fix the amount of damage, the aggregate estimated loss from defendants' failure to furnish logs with which to operate the mill for a given period, the defendants were entitled to have the Court to instruct the jury to consider in diminution any profit which the plaintiff had realized, or might by reasonable diligence have realized, by purchasing logs from others or by entering into any new agreement with defendants and continuing to saw during the same period.

3. In such case, whether the plaintiff brought his action after the lapse of a few days or at the end of the period over which the contract

extended, the damage was the difference, if any, between the contract price and the price at which, by reasonable diligence, logs could have been procured, and if there was any interval, after the breach, during which the logs could not have been bought at any price, then for such period the damage was the net profit that would have been derived from sawing and selling the number of logs deliverable by the defendants under their contract during the entire period.

CIVIL ACTION, tried at October Term, 1893, of EDGECOMBE Superior Court, before *Bynum, J.*

The action was brought for damages for an alleged breach of contract to deliver a certain number of logs of certain specified sizes for five years. It was in evidence, among other things, that on account of a dispute that had arisen the defendants ceased to deliver logs under the agreement for one day, but resumed the work of delivering the next day, and continued hauling until the plaintiff refused to receive the logs, and .were willing and able to carry out the terms of the original contract. The defendants asked, among others, the following instructions:

"17. That if defendants did fail and refuse to deliver timber to plaintiff, and on the evening of the same day notified plaintiff that they were ready, willing and able to go on with the delivery of the logs, and, in fact, began the delivery of the logs on the day following, and continued to deliver the same till notified by plaintiff that he would not receive any more logs of defendants, then the plaintiff cannot recover damages for more than the said day the delivery was suspended."

"19. That in estimating the damages sustained by the plaintiff under his first cause of action, if he has sustained any, it is the duty of the jury to deduct all such sum or sums of money as the plaintiff may have realized, or might, with proper diligence, have realized, from his personal services or the operations of his mill during the entire period for

which damages are assessed and for the rent of his mill, then the plaintiff can only recover the damage that he may have actually sustained for the one day on which the defendants refused to deliver the logs."

The Court refused to comply with the request, and substituted the following:

"10. If plaintiff and defendants, notwithstanding the failure or refusal of defendants to deliver logs on or about the 7th of July, got together and agreed to waive any breach that had taken place and to resume operations under the contract, and in accordance with this agreement the defendants began again the delivery of logs and were delivering when informed by plaintiff that he would not receive any more logs, then the plaintiff would not be entitled to recover for a breach in not delivering logs. If plaintiff and defendants agreed to resume under the contract without any waiver, then the measure of plaintiff's damages would be for the failure on the one day which it is admitted the defendants did not deliver logs, and that would be the difference in what it would cost the plaintiff to pay for, saw and deliver to Parmele & Eccleston, if he had the contract above mentioned with them, and what they were to pay him for the lumber."

"14. From the amount of damages you may find for the plaintiff, under the first cause of action, you will deduct such sums as the defendants have satisfied you the plaintiff has made, or by reasonable diligence might make by the operation of his mill."

Verdict and judgment for plaintiff. Defendants appealed.

*Messrs. R. O. Burton* and *Don Gilliam,* for plaintiff.
*Mr. James E. Moore,* for defendants (appellants).

AVERY, J.: The defendants agreed to deliver every day

during the period of five years, covered by the contract with the plaintiff, logs sufficient in size and number to yield a certain quantity of sawed lumber, the minimum diameter being specified and the length fixed by the stipulations in the contract.

The defendants were answerable only for such damages as were the direct and natural consequence of their delinquency, not for such as were too remote. And when the aggregate estimated loss from a failure to furnish logs with which to operate the mill for a given period was shown to fix the amount as damage they had a right·to demand that the jury consider in diminution any profit which it had been shown the plaintiff realized, or might by reasonable diligence have realized, by purchasing logs from others, or by entering into any new agreement with defendants and continuing to saw during the same period. 1 Sedgewick, sec. 202. It is the duty of one who is the sufferer from a breach of contract to act like a man of ordinary prudence, and reduce his damage as far as he can reasonably do so. 1 Sedgewick, sec. 205. If the defendants refused for a day to comply with their agreement the plaintiff had a cause of action, but if either the defendants or other responsible parties were willing and ready, and proffered soon after the breach, to furnish all of the logs stipulated to be furnished in the original contract at the same rate, and the plaintiff refused to purchase or receive them, preferring to allow the mill to remain idle, he had no right to recover for such time, as he made less than the profit he would have realized under the agreement, only by reason of his own obstinate refusal to renew the old or enter into a new arrangement whereby his mill might have been operated. 1 Sedgewick, sec. 205; Lawson on Contracts, 3164; 3 Parsons on Contracts, p. 194.

Damages for a violation of a contract are recoverable as

a compensation for loss sustained thereby. If it appear that no loss accrues from the breach nothing more than nominal damages is recoverable. Lawson, *supra*, sec. 458; 3 Parsons, p. 176. For like reasons if by reasonable diligence the injured party in such a case can reduce the damage to a nominal sum, he is entitled to nothing more. The plaintiff was at liberty to refuse to renew the agreement after the breach, or to purchase logs from the defendants at any price, but after refusing he could not claim the same damage as though it had been out of his power to get them. 1 Sedgewick, sec. 213.

The principle being settled that the plaintiff could recover only such loss as he sustained by the breach of the contract, despite the use of reasonably diligent effort on his part to avoid the loss naturally consequent thereon, it could be applied so as to make the damage correspond to the loss accrued at any given date during the period through which the contract by its terms runs. The general principle which governs the assessment of damage in this case is stated by a well-known author (Wood's Mayne, sec. 56) as follows: " When the thing purchased is a specific article the only benefit that can be allowed for in measuring the damages will be the value of that article, or the difference between the contract price and that at which it could have been purchased elsewhere." Could the plaintiff have purchased logs of the number and description that the defendants were to furnish, after the lapse of a short interval from the first refusal of Biggs to continue to deliver, at the same price? If so, he could by reasonable diligence have avoided loss by buying them and continuing to operate his mill. If the parties had entered into a new contract, identical in terms with the original, that fact would not, in the absence of an express agreement, have amounted to a waiver of the right to sue for the breach already committed,

but it would have confined the inquiry as to damages to the loss accruing between the violation of the old and the formation of the new agreement. The plaintiff might have sued at any time after the refusal of the defendants to furnish the logs as agreed upon, but whether he brought his action after the lapse of a few days or at the end of the period over which the contract extended, the damage was the difference, if any, between the contract price and the price at which logs could, by reasonable diligence, have been procured, and if there was any interval after the breach of the contract during which the logs could not have been bought at any price, then for such period the damage was the net profit that would have been derived from sawing and selling the number of logs that were to have been furnished under the contract during such period. Hare on Contracts, p. 446. The principle applicable here is analogous to that which obtains where an employee sues for the breach of a contract to employ him for a year at stipulated wages (*Markham* v. *Markham*, 110 N. C., 360) in that whenever suit may be brought the damage is subject to diminution by allowing for what the injured party might have realized from work of the same kind by the exercise of reasonable diligence.

The requests of the defendants were specific as to the question of damage, and were designed to direct the attention of the jury to the testimony tending to show that the defendants, on the very next day after ceasing to deliver logs, resumed the work and continued to haul them to the mill, until notified by the plaintiff that they would not be received. If the jury believed that testimony, and that the defendants were then willing, ready and able to carry out their original agreement from that time till the expiration of five years, it was their duty to assess the damage, upon the principle which we have stated, only for such loss

as was sustained between their refusal to deliver and their resumption of the work, because the plaintiff could have avoided any loss whatever on account of failure to get logs by renewing the agreement with them.    He had a right to refuse to renew the contract, but if the defendants were willing and able to perform their part according to the original stipulations, and offered to do so, he was not entitled to such damage as he sustained, because he preferred the loss rather than the renewal of former business relations with the defendants.

In refusing to give the instructions numbered 17 and 19, and the substitution for them of other instructions which failed to give the defendants the benefit of the phase of the testimony to which we have adverted, there was error. The defendants are entitled to a new trial.

We think that this error was covered by the assignment made by the defendants' counsel.                    New Trial.