S. R. MORRISON ET AL., COPARTNERS, v. A. H. MARKS.

(Filed 12 November, 1919.)

**1. Contracts—Evidence—Lumber—Nonsuit—Trials—Questions for Jury.**

Upon allegation that defendant had breached his contract to sell the plaintiff three cars of lumber at a certain price per thousand delivered on cars at a designated place, and demand for damages in a certain sum, the plaintiff's evidence tended to prove he was in the lumber business, employed one S. to buy lumber, and he returned with and delivered to plaintiff a memorandum of contract for the three cars of lumber to be delivered

at the certain price and place; that the memorandum he gave to plaintiff had been signed by the defendant; also, the maximum and minimum feet of lumber a car was to contain. *Held*, the evidence was sufficient for the determination of the jury as to the alleged contract, and a judgment as of nonsuit was improvidently entered.

2. **Contracts—Breach—Damages—Profits.**

Profits on lumber, which defendant had failed to deliver under his contract, are only recoverable when fairly supposed to have been in the contemplation of the parties when making the contract, or naturally expected to follow its breach, being certain in their nature and cause; and in ascertaining them, the relation and business of the parties, the subject-matter, the defendant's knowledge, and other relevant circumstances may be considered. *Johnson v. R. R.*, 140 N. C., 577, cited and approved.

APPEAL by plaintiff from *Lane, J.,* at August Term, 1919, of GUILFORD. This is an action to recover damages for breach of contract.

At the conclusion of the evidence his Honor entered judgment of nonsuit and the plaintiff excepted and appealed.

*John A. Barringer for plaintiff.*
*King & Kimball for defendant.*

ALLEN, J. The plaintiff alleges that on 10 January, 1917, the defendant contracted to sell him three cars of gum lumber for $12 per thousand, and to deliver the same on the cars at Chapel Hill, and that the defendant failed to perform said contract to his damage $360.

These allegations are denied by the defendant.

The plaintiff introduced evidence tending to prove that he was in the lumber business; that M. S. Satterfield was in his employment; that he sent Satterfield out to buy lumber and he returned and delivered to him memorandum of contract for three cars of gum lumber to be delivered at Chapel Hill for $12 per thousand, signed by the defendant.

Satterfield testified that he went to the home of the defendant and saw him, and said, among other things, "I bought the three cars of gum. That is a copy of the contract that he signed."

There was also evidence as to the minimum and maximum number of feet in a car of lumber, and that the defendant had failed and refused to deliver any of the lumber.

The credibility of this evidence was for the jury, and, if believed, it establishes a valid contract and a breach by the defendant, which would entitle the plaintiff to recover at least nominal damages. *Hassard-Short v. Hardison*, 114 N. C., 486.

The measure of damages is not now before us, but it is well to note that profits cannot be recovered as damages except subject to two conditions, "The damages must be such as may fairly be supposed to have

entered into the contemplation of the parties when they made the contract, that is, must be such as might naturally be expected to follow its violation; and they must be certain, both in their nature and in respect to the cause from which they proceed." *Wilkinson v. Dunbar,* 149 N. C., 23.

In ascertaining what damages come within the rule, it is proper to consider the relation of the parties, the subject-matter of the contract, the business of the parties, the knowledge of the defendant, and other relevant circumstances. *Johnson v. R. R.,* 140 N. C., 577.

Reversed.