JOHN A. NARRON v. HOLLEMAN CHEVROLET COMPANY AND GEN-
ERAL MOTORS ACCEPTANCE CORPORATION.

(Filed 11 October, 1933.)

1. **Sales I d—Where contract gives seller right to repossess without
notice he may do so if repossession does not involve civil trespass.**

Where the purchaser of an automobile signs a conditional sales contract
stipulating that the seller or his assignee may repossess and sell the car
without notice upon default in the payment of the purchase price accord-
ing to the terms of the agreement, the seller or his assignee may exercise
the right to repossess after default if repossession does not involve a civil
trespass, but where the car is parked on a street by the purchaser and
contains personal belongings of the purchaser, the repossession of the car
without notice involves a civil trespass in the carrying away of such
personal belongings of the purchaser.

2. **Damages D a—Seller repossessing car under terms of contract held
not liable for punitive damages in action for civil trespass.**

Where the assignee of a conditional sales contract signed by the pur-
chaser of an automobile repossesses the car after default in the payment
of the purchase price in accordance with the terms of the contract, but
such repossession involves a civil trespass in that personal belongings
of the purchaser were in the car at the time of the repossession, the
purchaser in his suit for such trespass, although he may be entitled to
compensatory damages, is not entitled to recover punitive damages.

APPEAL by General Motors Acceptance Corporation from *Frizzelle, J.,*
at April Term, 1933, of JOHNSTON. New trial.

The plaintiff bought a Chevrolet sedan from the Holleman Chevrolet
Company and executed a conditional sales contract, which was sold to
the General Motors Acceptance Corporation as sole owner, reciting the
total time price at $805.00, payable as follows: $300.00 on or before
delivery, leaving a deferred balance of $505.00, to be paid in periodic in-
stallments of $43.00, the final installment being the remainder of the
deferred balance. The plaintiff made default in payment and the Holle-
man Chevrolet Company, who had retained a key, had the car unlocked,
the plaintiff having parked it on the street, and removed to its place of
business. The defendants advertised the car for sale and the plaintiff
obtained an order restraining the sale.

The cause came on for hearing and the jury returned the following
verdict:

1. Did the defendant, General Motors Acceptance Corporation, wrong-
fully seize the car of the plaintiff, as alleged in the complaint? Answer:
Yes.

2. What amount, if any, is the plaintiff entitled to recover as com-
pensatory damages? Answer: $100.00.

3. What amount, if any; is the plaintiff entitled to recover as punitive damages? Answer: $400.00.

4. In what amount, if any, is the plaintiff indebted to the defendant on the contract price of the automobile? Answer: $290.00 with interest from 24 December, 1931.

The court answered the fourth issue by consent. Judgment for plaintiff; appeal by General Motors Acceptance Corporation, the action having been dismissed as to the Holleman Chevrolet Company.

*Winfield H. Lyon and Carroll W. Weathers for appellant.*
*Leon G. Stevens for appellee.*

PER CURIAM. The conditional sales contract provided that title to the sedan should not pass to the purchaser until the contract price was fully paid in cash; that the assignee should be entitled to all the rights of seller; that in the event of default in the payment of any installment the whole amount should at the election of the seller immediately become due and payable; and that upon the purchaser's failure to comply with the terms of the contract the seller or any officer of the law might take possession of the property without demand and for this purpose might enter upon the premises and remove the property and resell it without notice to the purchaser or demand for performance.

We need not discuss the question whether in view of this contract the defendant's removal of the car would in itself have been wrongful in the sense contemplated by the first issue, for the reason that the judge instructed the jury that possession must be taken under circumstances which do not involve a civil trespass. The plaintiff testified that he had personal effects in the car when it was removed (although there is evidence to the contrary) and if they were carried away with the car without the purchaser's consent the taker committed a trespass which would sustain the answer to the first issue.

In reference to the second issue the court gave the following instruction, to which the defendant excepted: "The court instructs you that actual or compensatory damages are not confined to the pecuniary loss, such as loss of time or money, or both. The plaintiff may be confined to this if the jury so determine, but more than this is contained in the term; more than this is embraced in this issue. Where the facts and the nature of the action so warrant, actual or compensatory damages include all other damages than punitive; these embracing not only special damages as a direct pecuniary loss, but also physical pain and mental suffering and injury to the feelings."

Under the evidence in this case mental suffering and injury to the feelings cannot be considered as an element of damages. Nor does the evidence disclose any facts which justify an award for punitive damages.

New trial.