R. L. CHESSON v. KIECKHEFER CONTAINER COMPANY, A CORPORATION, AND NORTH CAROLINA PULP COMPANY, A CORPORATION.

(Filed 1 March, 1939.)

**1. Contracts § 27—**

Nonsuit for insufficiency of evidence to support allegations *held* proper upon plaintiff's cause of action to recover for defendant's alleged wrongful interference with plaintiff's contract with a third person.

**2. Contracts §§ 16, 22—Evidence held for jury on issue of defendant's breach of contract to furnish equipment for cutting timber.**

Evidence *held* sufficient as against nonsuit on plaintiff's cause of action on the contract alleged, under which defendant agreed to purchase pulp wood at a stipulated price per cord and to furnish plaintiff with equipment for cutting and handling the wood, plaintiff contending that defendant breached the contract by failing to furnish the equipment as agreed, rendering it impossible for plaintiff to deliver the wood.

**3. Contracts § 25b—**

When a contract is breached by one party, the law imposes the duty on the other party to exercise reasonable diligence to minimize the loss.

**4. Same—Instruction held for error in failing to submit to jury question of whether plaintiff could have minimized loss.**

This action was instituted on a contract under which defendant agreed to purchase pulp wood from plaintiff at a stipulated price per cord and to furnish plaintiff with equipment for cutting and handling the wood, plaintiff claiming that defendant breached the contract by failing to furnish the equipment as agreed, rendering it impossible for plaintiff to deliver the wood. *Held:* It was error for the court to refuse to submit to the jury in its instructions on the issue of damages defendant's contentions as to whether plaintiff, in the exercise of reasonable diligence, could have minimized the loss by obtaining the necessary equipment elsewhere, in which event any increase in cost of the equipment would be a proper element of damage.

**4. Same—Instruction held for error in failing to submit to jury all elements entering into the question of measure of damages.**

This action was instituted on a contract under which defendant agreed to purchase pulp wood from plaintiff at a stipulated price per cord and to furnish plaintiff with equipment for cutting and handling the wood, plaintiff contending that defendant breached the contract by failing to furnish the equipment as agreed, rendering it impossible for plaintiff to deliver the wood. *Held:* The court, in its instructions to the jury on the issue of damages, should have permitted the jury to consider, as elements entering into the question of damages, defendant's contentions, supported by evidence, that plaintiff did not own the wood but would have had to purchase it from the owner at a stipulated price, and that under the contract defendant was entitled to charge a certain sum per cord for furnishing the equipment for cutting and handling the wood.

**5. Same—Rule for measurement of damages for breach of contract.**

The general rule is that a party damaged by breach of contract is entitled, as compensation therefor, to be placed, so far as this can be done with money, in the same position he would have occupied if the contract had been performed, and when the breach prevents performance, this includes profits which the injured party would have realized had the contract not been breached.

APPEAL by plaintiff and defendant Kieckhefer Container Company from *Thompson, J.,* at December Term, 1938, of CHOWAN.

Plaintiff's appeal, affirmed.

Defendant's appeal, new trial.

Plaintiff instituted his action against the defendants upon two causes of action, (1) for damages for breach of contract to purchase certain pulp wood, and (2) for damages for wrongful interference with plaintiff's contract with another relative to the cutting of pulp wood.

At the close of the evidence judgment of nonsuit was entered as to plaintiff's second cause of action, and he excepted and appealed. Nonsuit was also entered as to the defendant North Carolina Pulp Company.

Issues were submitted to the jury as to plaintiff's first cause of action and answered in favor of the plaintiff. From judgment on the verdict, defendant Kieckhefer Container Company appealed.

*J. Henry LeRoy and J. H. Hall for plaintiff.*
*Z. V. Norman and W. D. Pruden for defendants.*

PLAINTIFF'S APPEAL.

DEVIN, J. Plaintiff's appeal brings up for review the ruling of the court below in sustaining motion for judgment of nonsuit as to plaintiff's cause of action for an alleged wrongful interference with a contract which plaintiff had entered into with one J. C. Wilson, relative to the cutting of pulp wood on Wilson's land for delivery to defendant. An

examination of the evidence offered in support of this allegation, however, leads us to the conclusion that there was no error in the ruling of the trial court in this respect, and that the judgment of nonsuit as to plaintiff's second cause of action should be affirmed.

### DEFENDANT'S APPEAL.

For his first cause of action plaintiff alleged that he had contracted to deliver, and the defendant Kieckhefer Container Company to purchase, all the suitable pulp wood which plaintiff might cut from a described tract of land, at the price of $4.50 per cord, and that to enable plaintiff to perform his part of the contract the defendant had agreed to furnish plaintiff the equipment with which to handle the timber, including "team, wagon, truck and money for cutting and operating expenses," and that his delivery of the pulp wood according to contract was prevented by the breach of defendant's agreement to furnish the equipment specified. He alleged that by reason of defendant's failure to comply with its contract he had been damaged in respect to gains prevented and had lost the profits he would have made if defendant had complied with its agreement.

The evidence whereby plaintiff sought to establish the terms of the contract, including the agreement of defendant to furnish the required equipment, was in some respects indefinite, but considering it in the light most favorable to the plaintiff, we are unable to say that it was insufficient to warrant submission to the jury. There was some evidence tending to show the contract as alleged and its breach by the defendant.

The defendant, however, challenges the correctness of the result reached, on the ground that there was error in the trial court's instructions to the jury as to the measure of damages, and we think its assignment of error based on this exception must be sustained and a new trial awarded.

The plaintiff delivered no pulp wood (save one car load which was paid for), but he contends his failure to do so was caused by defendant's breach of its agreement to furnish him equipment and advances to enable him to cut and deliver the wood. Hence the damages recoverable, in the sense of gains prevented, were only those proximately flowing from defendant's breach of this agreement. If the defendant breached its contract in this respect, the law imposed upon the plaintiff the duty of exercising reasonable diligence to minimize the loss (*Hassard-Short v. Hardison,* 114 N. C., 482, 19 S. E., 728) by procuring such equipment and advances as he could from other sources, and, if he could have done so, the increased cost thereof would have been a proper element of damage. *Coles v. Lumber Co.,* 150 N. C., 183, 63

S. E., 736. This view, upon proper request, the court declined to present to the jury.

The court charged the jury that the measure of damages was the difference between the contract price which the defendant was to pay the plaintiff for the pulp wood delivered under its contract and the cost of cutting and loading the wood on the railroad siding. The evidence, however, disclosed that the plaintiff did not own the land or the timber from which the wood was to be cut, but that he had a contract with the owner by which upon the payment of $1.50 per cord he would be permitted to cut the wood on the described land. There was also evidence tending to show that the compensation to the defendant for furnishing the equipment specified was to be fifty cents per cord.

It is apparent, therefore, that in submitting the issue of damages to the jury the court inadvertently failed to permit the jury to consider all the elements entering into the question of damage which were presented by the evidence and which were necessary to a proper finding thereon.

The general rule is that a party to a contract, who has been injured by the breach, is entitled as compensation therefor to be placed, in so far as this can be done by money, in the same position he would have occupied if the contract had been performed, and where the breach of contract consists in preventing its performance, the party injured, on proper proof, may recover the profits he would have realized had the contract not been breached.

"The amount that would have been received if the contract had been kept and which will completely indemnify the injured party is the true measure of damages for its breach. Where one violates his contract he is liable for such damages, including gains prevented as well as losses sustained, which may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, such as might naturally be expected to follow its violation, and they must be certain, both in their nature and in respect to the cause from which they proceed." *Machine Co. v. Tobacco Co.*, 141 N. C., 284, 53 S. E., 885.

We think the omission of the court below to call the attention of the jury to matters material to a proper finding on the issue of damages is sufficiently prejudicial to entitle the appealing defendant to a new trial, and it is so ordered.

This disposition of the appeal renders unnecessary the consideration of the other exceptions noted at the trial and brought forward in the assignments of error.

On plaintiff's appeal, affirmed.

On defendant Kieckhefer Container Company's appeal, new trial.