### H. A. PARRIS v. H. G. FISCHER & COMPANY.

(Filed 18 March, 1942.)

**1. Damages § 1a——**

In order to be entitled to compensatory damages plaintiff must show that the damages claimed were the natural and probable result of the acts complained of, and show the amount of loss with reasonable certainty, which rule applies in actions in tort as well as actions *ex contractu.*

**2. Same——**

Plaintiff gave his old therapeutic machine, which he contended was usable, in part payment of a new machine.   The jury found that the new machine was worthless for the purpose for which it was sold.   After plaintiff declined to make further payments, defendant, through its agent, repossessed the new machine in plaintiff's absence.   *Held:* Plaintiff's evidence that he had several patients whom he was unable to treat and who left him, is insufficient to afford a basis for the award of substantial damages to plaintiff for deprivation of the use of his machine.

**3. Same——**

Evidence that defendant, through its agent, peaceably repossessed a therapeutic machine on which it had a lien from the office of plaintiff in his absence, without injury to person or property, is insufficient to support the recovery of substantial damages for the conduct of defendant's agent in removing the machine.

**4. Damages § 7——**

In proper instances punitive damages may be awarded where only nominal damages are recoverable.

**5. Same—**

Evidence that defendant's agent went to plaintiff's house at a time when plaintiff was absent, and upon being informed that plaintiff was out of town, stated that plaintiff would understand, entered plaintiff's office and repossessed a therapeutic machine on which defendant had a lien, and left a note advising plaintiff that he had waited to see him and that he had taken the machine, *is held* insufficient to show a willful and wanton disregard of plaintiff's rights necessary to support the submission of an issue as to punitive damages.

**6. Appeal and Error § 39—**

Where the verdict of the jury establishes that the acts complained of were committed by defendant's agent while acting in the scope of his employment, plaintiff's exception to the exclusion of certain letters tendered upon the issue, becomes immaterial.

APPEAL by plaintiff from *Parker, J.,* at October Term, 1941, of NORTHAMPTON. No error.

*V. D. Strickland for plaintiff, appellant.*
*Eric Norfleet for defendant, appellee.*

DEVIN, J. This case was here at Spring Term, 1941, and is reported in 219 N. C., 292, 13 S. E. (2d), 540. The decision on that appeal was confined to the question of service of process. The case comes to us now on plaintiff's appeal from an insufficient recovery.

Plaintiff alleged and offered evidence tending to show that he was induced by the false representations of defendant's agent to purchase a new short wave therapeutic machine for use in his practice as a physician, and to give in exchange and in part payment his own therapeutic machine valued at $60. For the balance of the purchase price he executed a conditional sales agreement constituting a lien on the machine purchased. He alleged that the new machine proved to be entirely worthless for his purposes, and he so notified the defendant and declined to make any payments thereon; that some time thereafter while plaintiff and other members of his household were absent the defendant's agent, acting within the scope of his authority, wrongfully entered plaintiff's office in the house where he lived and took therefrom the machine described in the conditional sales agreement.

Plaintiff alleged that on account of the deprivation of the use of his old machine, which he was induced to deliver to the defendant by false representations, as well as on account of the wrongful entry into his premises and removal of the machine purchased from defendant, he had been damaged in the sum of one thousand dollars. He further alleged that the conduct of defendant's agent, in the manner in which the machine was taken, was oppressive and characterized by wanton and

reckless disregard of plaintiff's rights, and that by reason thereof he was entitled to recover punitive damages.

It was established by the verdict that the machine purchased from defendant was worthless for the purposes for which it was sold, that the reasonable value of the plaintiff's old machine delivered to defendant was $60, and that defendant's agent, at the time of the removal of the machine from plaintiff's house, was acting within the scope of his employment. The trial court charged the jury that plaintiff was only entitled to recover nominal damages, which "might consist of $3 or $4," and declined to submit an issue as to punitive damages. The jury thereupon found that plaintiff was entitled to recover $60, the value of plaintiff's old machine, plus $4 nominal damages, and judgment was rendered accordingly.

The plaintiff assigns error in the ruling of the court below that he was only entitled to recover nominal damages, and in the court's refusal to submit an issue as to punitive damages.

We concur in the view of the trial judge that the evidence did not afford a substantial basis upon which the jury could award the plaintiff more than nominal damages for being deprived of the use of his machine. He was allowed the full value claimed therefor. It is a well settled rule that before liability for consequential damages can be imposed upon one who has breached his contract of warranty in the sale or exchange of personal property, it must be made to appear that the damages claimed are the natural and probable results of the breach, and such as can be ascertained with a reasonable degree of certainty. *Reiger v. Worth,* 127 N. C., 230, 37 S. E., 217; *Machine Co. v. Tobacco Co.,* 141 N. C., 284, 53 S. E., 885; *Sprout v. Ward,* 181 N. C., 372, 107 S. E., 214; *Brewington v. Loughran,* 183 N. C., 558, 112 S. E., 257; *Chesson v. Container Co.,* 215 N. C., 112, 1 S. E. (2d), 357. Both the amount and the cause of the loss must be shown with reasonable certainty. *Nance v. Tel. Co.,* 177 N. C., 313, 98 S. E., 838. The rule requiring reasonable certainty in the proof of damages applies in cases of tort. *Johnson v. R. R.,* 184 N. C., 101, 113 S. E., 606; *Bowen v. King,* 146 N. C., 385, 59 S. E.. 1044; *Johnson v. R. R.,* 140 N. C., 574, 53 S. E., 362; *Sledge v. Reid,* 73 N. C., 440. The plaintiff's evidence that he had several patients whom he was unable to treat and who left him is insufficient to afford a basis for the award of substantial damages on this ground.

Nor is plaintiff in better position with respect to that phase of his action based on the conduct of defendant's agent in removing the machine from plaintiff's house. There was no evidence of any injury to person or property. No actual damages were suffered by reason of the entry into plaintiff's office and removal of the machine. No more than nominal damages were recoverable on this ground. But plaintiff insists

he was entitled to have an issue submitted to the jury as to punitive damages for the wrongful entry into his premises. The grounds upon which punitive damages may be allowed have been frequently stated by this Court. *Ford v. McAnally,* 182 N. C., 419, 109 S. E., 91; *Worthy v. Knight,* 210 N. C., 498, 187 S. E., 771; *Hairston v. Greyhound Corp.,* 220 N. C., 642.

Moreover the decisions of this Court and of courts in other jurisdictions support the view that in proper instances punitive damages may be awarded where only nominal damages are recoverable. *Worthy v. Knight, supra; Webb v. Tel. Co.,* 167 N. C., 483, 83 S. E., 568; *Saunders v. Gilbert,* 156 N. C., 463-469, 72 S. E., 610; *Purcell v. R. R.,* 108 N. C., 414, 12 S. E., 954; *Wardman-Justice Motors Co. v. Petrie,* 39 F. (2), 512, 69 A. L. R., 648; 33 A. L. R., 403; 81 A. L. R., 917; 15 Am. Jur., 707. However, an examination of the record in this case leads us to the conclusion that the plaintiff's evidence did not justify an award of punitive damages. It is true there was evidence tending to show that defendant's agent went to plaintiff's house at a time when he was absent, entered his office and repossessed the therapeutic machine on which defendant had a lien, leaving a note advising plaintiff that he had waited to see him, and that he had taken the machine. The only witness who was present testified that defendant's agent inquired where plaintiff was, stating he wished to see him. Being informed that plaintiff had gone to Rocky Mount, defendant's agent said plaintiff would understand what he was doing, and that he was leaving a note for him. Thereupon the machine was removed.

We are unable to find that this testimony constituted evidence of such a willful and wanton disregard of plaintiff's rights as to require the submission of an issue of punitive damages. Upon similar facts it was so held in *Narron v. Chevrolet Co.,* 205 N. C., 307, 171 S. E., 93. See, also, *Hinson v. Smith,* 118 N. C., 503, 24 S. E., 541.

Plaintiff's exception to the ruling of the court in declining to permit the introduction in evidence of certain letters becomes immaterial in view of the verdict that the machine was removed by defendant's agent, and that the agent was acting within the scope of his employment. The plaintiff recovered the value of his old machine which had been delivered to the defendant in part payment for the new machine purchased.

In the trial we find