WILLIAM HENRY TYNDALL AND WIFE, VESTA GENORA TYNDALL, v. R. F. TYNDALL AND WIFE, CARRIE TYNDALL, P. A. TYNDALL AND WIFE, MABLE TAYLOR TYNDALL, SMITHIE MAY TYNDALL AND HUSBAND, EARL TYNDALL, AND HATTIE TYNDALL DAIL AND HUSBAND, A. B. DAIL.

(Filed 28 November, 1956.)

**Vendor and Purchaser § 18—Where vendors refuse to give information peculiarly within their knowledge as to the purchase price, tender is unnecessary.**

A contract to convey was predicated upon the purchaser's payment of one-fifth the encumbrances on the land and one-fifth the medical, hospital and funeral expenses of the vendors' grantors, who had reserved a life estate in themselves. Evidence of the contract and its due execution and that the purchaser, prior to the male grantor's death, requested information as to the amount due and was met by threat of assault, that less than a year after the male grantor's death, he requested statement of the amount due and received no response, and that thereafter the vendors sold to a stranger, is sufficient to repel nonsuit, since the evidence discloses that tender may have been useless, in which event it is not required by law.

JOHNSON, J., not sitting.
PARKER and BOBBITT, JJ., dissent.

APPEAL by plaintiffs from *Bone, J.,* 13 February, 1956 Civil Term, LENOIR Superior Court.

Civil action instituted 6 July, 1954, to recover damages for the alleged breach of the following contract:

"THIS AGREEMENT, made this 22nd day of November 1938, by and between R. F. Tyndall and wife, Carrie Tyndall, P. A. Tyndall and wife, Mable Tyndall, Smithy May Tyndall and husband, Earl Tyndall, and Hattie Tyndall Dail and husband, A. B. Dail, all of the County of Lenoir and State of North Carolina, parties of the first part, and Henry Tyndall and wife, Vesta Tyndall of the

County of Lenoir and State of North Carolina, party of the second part;

"WITNESSETH: That whereas A. E. Tyndall and wife, Emma Tyndall, have this day executed and delivered a deed of Gift to the parties of the first part, for and in consideration of the assumption by the said parties of the first part as Grantees under said deed, of the mortgage indebtedness due against the Homeplace of A. E. Tyndall and wife, Emma Tyndall, and the further assumption by the parties of the first part of all medical, hospitalization and burial expenses of the said A. E. Tyndall and wife, Emma Tyndall. And Whereas the party of the second part was financially unable to assume or pay his proportionate part of the said debts and future debts which may be incurred and whereas the said first parties to this Agreement desire that the said second party have an opportunity to acquire a one-fifth interest in said lands this day conveyed to the first parties only.

"Now, THEREFORE, in consideration of the sum of $1.00 and other valuables the parties of the first part contract and agree with the party of the second part that upon the death of A. E. Tyndall and wife, Emma Tyndall, or at anytime prior thereto that the party of the second part pays a one-fifth part of all indebtedness now existing against the lands belonging to Emma Tyndall and pays a one-fifth part to all medical, hospitalization and funeral expenses which may hereafter be incurred by A. E. Tyndall and Emma Tyndall. That the parties of the first part will convey by deed to the second party herein a one-fifth undivided interest in said lands and it is understood and agreed by and between all the parties to this Agreement that in the event any party whether Grantee under the deed hereinbefore referred to or otherwise fails to pay his or her one-fifth part of all mortgage indebtedness, taxes, insurance, medical, hospitalization or funeral expenses which may be incurred now or hereafter by A. E. Tyndall and Emma Tyndall that such party will divest himself or herself by deed of his interest in said lands belonging to Emma Tyndall to such other parties to this Agreement who may pay their proportionate part of said expenses.

"To THE TRUE AND FAITHFUL PERFORMANCE of the above stipulations the parties of the first part and the party of the second part have hereunto set their hands and seals the day and year first above written."

The contract was under seal and its execution duly acknowledged by all parties. The deed of gift referred to was executed by A. E. Tyndall and wife, Emma Tyndall, conveying described lands to their four chil-

dren other than the plaintiff, William Henry Tyndall. Emma Tyndall died in 1939. A. E. Tyndall died in May, 1953. Each reserved a life estate in the lands conveyed.

The plaintiff, William Henry Tyndall, testified in substance that he requested R. F. Tyndall (who acted for all defendants) for information as to the amount of encumbrances on the land and the amount of expenses that he had paid. This inquiry was made before the death of A. E. Tyndall. The inquiry was met by a threat of assault with a deadly weapon.

On 20 October, 1953, the plaintiffs served written notice an all defendants that they had elected to take under the contract and that they were ready, able and willing to pay one-fifth of the encumbrances and expenses, and requested statement of the amount due. To this notice there was no response. The plaintiffs introduced in evidence the admission in the defendants' answer that they had sold the entire tract of land to Rex Howard for $18,600. The evidence disclosed that the encumbrances amounted to about $1,300. The amount of other expenses incurred by the defendants is undisclosed.

The defendants admit the execution of the contract but set up as a defense (1) the contract was without consideration, (2) the plaintiffs failed to comply with the terms by paying or tendering any part of the encumbrances and expenses, (3) the re-assignment of the one-fifth interest by Rex Howard to the plaintiffs was a sham and made for the purpose of instituting this action.

At the close of the plaintiffs' evidence, judgment of nonsuit was entered, from which the plaintiffs appealed.

*Lamar Jones and J. Harvey Turner, for plaintiffs, appellants.*
*Jones, Reed & Griffin for defendants, appellees.*

HIGGINS, J. The only question presented by the appeal is the sufficiency of the evidence to survive the motion for nonsuit. The plaintiffs introduced the written contract. Their evidence tended to show that Emma Tyndall died in 1939 and E. A. Tyndall died in May, 1953. Before Tyndall's death the plaintiffs requested of R. F. Tyndall information as to the amount of encumbrances and expenses, and by way of reply received a threat of an assault with a deadly weapon.

The plaintiffs, on 20 October, 1953, served written notice on all defendants of their election to take their one-fifth share provided in the contract and that they were ready, able and willing to make the payments required. They asked for a statement of the amount thereof. The defendants did not reply to the notice. The contract provided for payment at the death of A. E. Tyndall and Emma Tyndall. The amount due for hospital, doctor bills and burial expenses could not be

determined until after the death of the survivor. William Henry Tyndall testified he made the request for information as to amount paid and the request was met with a threat of violence. The plaintiffs were entitled to the information requested. It was within the peculiar knowledge of the defendants. Their refusal may be considered evidence of their intention not to comply. Their sale and conveyance of the land, according to their own admission, after the plaintiffs' request for the statement had been refused, may also be considered as evidence of their intention not to comply. Where tender is obviously useless, it is unnecessary. *Millikan v. Simmons,* 244 N.C. 195, 93 S.E. 2d 59; *Bank v. Supply Co.,* 226 N.C. 416, 38 S.E. 2d 503; *McAden v. Craig,* 222 N.C. 497, 24 S.E. 2d 1; *Chesson v. Container Co.,* 215 N.C. 112, 1 S.E. 2d 357; *Gaylord v. McCoy,* 161 N.C. 685, 77 S.E. 959.

It may be noted the contract required the plaintiffs to pay "a one-fifth part *to* all medical, hospitalization and funeral expenses which may hereafter be incurred by A. E. Tyndall and Emma Tyndall." It is possible that final determination of the amount of such expenses incurred by A. E. Tyndall could not be ascertained with certainty until claims were filed in the course of administering his estate. The contract does not seem to require installment payments on the part of the plaintiffs, at least in the absence of a demand. For these reasons it appears not to have been contemplated by the contracting parties that payments should be made *eo instante* the death of the surviving parent.

The plaintiffs introduced the contract, evidence of its execution, failure to perform on the part of the defendants, and damages resulting. Taking the evidence in the light most favorable to the plaintiffs, they are entitled to have the jury pass on the issues of fact involved. Of course, the defendants will have equal opportunity to present their defenses, including their challenge to the validity of the reassignment by Rex Howard. The judgment of nonsuit entered by the Superior Court of Lenoir County is

Reversed.

JOHNSON, J., not sitting.

PARKER and BOBBITT, JJ., dissent.