SHANNON LEE HAWKINS v. JAMES F. HAWKINS

No. 141PA91

(Filed 25 June 1992)

**Damages § 68 (NCI4th) — assault and battery established — nominal damages not submitted — punitive damages awarded without compensatory damages — no error**

Plaintiff could recover punitive damages from defendant where the jury failed to award compensatory damages, was not instructed on nominal damages, and plaintiff established to the jury's satisfaction all of the elements of assault and battery arising from the sexual abuse she suffered from defendant, her father. Although it was said in *Jones v. Gwynne*, 312 N.C. 393, that the jury must award plaintiff actual or nominal damages before punitive damages may be awarded, that language is an inexact description of the law in prior cases. Punitive damages may not be awarded unless otherwise a cause of action exists and at least nominal damages are recoverable by plaintiff. The jury found here that plaintiff had established her cause of action, plaintiff was therefore entitled to at least nominal damages, and that entitlement was sufficient to support the award of punitive damages.

**Am Jur 2d, Damages §§ 741-744.**

**Sufficiency of showing of actual damages to support award of punitive damages — modern cases. 40 ALR4th 11.**

Justice LAKE did not participate in the consideration or decision of this case.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a decision by the Court of Appeals, 101 N.C. App. 529, 400 S.E.2d 472 (1991), which affirmed a judgment entered in plaintiff's favor by *Greeson, J.*, at the 9 February 1990 session of Superior Court, CALDWELL County. Calendared for argument in the Supreme Court on 9 December 1991; determined on the briefs without oral argument pursuant to N.C. R. App. P. 30(d).

*McElwee, McElwee, Cannon & Warden, by William H. McElwee, III, for plaintiff-appellee.*

*Rudisill & Brackett, P.A., by H. Kent Crowe, for defendant-appellant.*

HAWKINS v. HAWKINS

[331 N.C. 743 (1992)]

EXUM, Chief Justice.

Plaintiff Shannon Hawkins brought this action against her adoptive father, defendant James F. Hawkins, seeking compensatory and punitive damages for assault and battery. The uncontradicted evidence at trial tended to show that defendant sexually abused plaintiff from the time she was five and a half years old until she was fourteen years old. Plaintiff brought this action when she was eighteen years old.

At the end of all evidence, the trial court instructed the jury on three issues to be considered by it during its deliberations. These issues were then submitted and answered by the jury:

1. Did James F. Hawkins commit an assault(s) and battery(ies) on Shannon Lee Hawkins?

Answer: Yes

2. If so, what amount, if any, is Shannon Lee Hawkins entitled to recover for:

a. Medical expenses: None

b. Future medical expenses: None

c. Pain and suffering: None

3. In your discretion what amount of punitive damages, if any, should be awarded to Shannon Lee Hawkins?

Answer: $25,000

The trial court did not instruct on plaintiff's entitlement to nominal damages.

The sole issue presented is whether plaintiff Shannon Lee Hawkins can recover punitive damages from defendant James F. Hawkins where the jury failed to award compensatory damages and was not instructed on nominal damages. Defendant argues that plaintiff should not recover punitive damages under these circumstances. Plaintiff argues that, by establishing to the jury's satisfaction all of the elements of an action for assault and battery, she is entitled to recover nominal damages, whether submitted or not; therefore, she should be entitled to recover punitive damages as awarded by the jury. For the reasons set out in the Court of Appeals opinion, we agree with plaintiff. Support for this result

can also be found in a recent Florida Supreme Court decision in an opinion by Overton, J., formerly *C.J. Ault v. Lohr*, 538 So. 2d 454 (Fla. 1989).

Confusion as to how the issue before us should be resolved results from language in *Jones v. Gwynne*, 312 N.C. 393, 323 S.E.2d 9 (1984). In *Jones*, we said "[b]efore punitive damages may be awarded to the plaintiff, the jury must find that the defendant committed an actionable legal wrong and it *must award* the plaintiff either compensatory or nominal damages." *Id.* at 405, 323 S.E.2d at 16 (emphasis added). Cited for this proposition were *Clemmons v. Life Ins. Co.*, 274 N.C. 416, 163 S.E.2d 761 (1968), and *Parris v. Fischer & Co.*, 221 N.C. 110, 19 S.E.2d 128 (1942). Understandably, defendant argues that this language mandates a decision in his favor.

The language in *Jones* is an inexact description of the law as found in our prior cases. Both the *Clemmons* and *Parris* decisions cited in *Jones* relied on the seminal case of *Worthy v. Knight*, 210 N.C. 498, 187 S.E. 771 (1936). In *Worthy*, former Chief Justice Stacy stated for the Court: "Punitive damages may not be awarded unless otherwise a cause of action exists and at least nominal damages are *recoverable* by the plaintiff." *Id.* at 499, 187 S.E. at 772 (emphasis added). Before *Jones*, this Court had never said that nominal damages must actually be recovered, only that they be recoverable.

The Court of Appeals correctly overlooked the *Jones* dicta and instead relied on *Worthy* when it stated that "[o]nce a cause of action is established, plaintiff is entitled to recover, as a matter of law, nominal damages, which in turn support an award of punitive damages." *Hawkins v. Hawkins*, 101 N.C. App. 529, 532, 400 S.E.2d 472, 474 (1991). The jury, as trier of fact, found that plaintiff had in fact established her cause of action for assault and battery. Plaintiff was, therefore, entitled to recover at least nominal damages. This entitlement is sufficient to support the award of punitive damages.

The decision of the Court of Appeals is

Affirmed.

Justice LAKE did not participate in the consideration or decision of this case.