43 F.3d 1465
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael A. COLOMBO, Administrator of the Estate of Alejandro
Vasquez, Plaintiff-Appellant,
v.
Ernest FLEMINGS; C.S. Henry Transfer, Incorporated,
Defendants-Appellees.
 No. 93-2540.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 29, 1994.
Decided Dec. 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-92-668)
 Argued: Sharron Roberts Edwards, Marvin K. Blount, Jr., Law Offices of Marvin Blount, Jr., Greenville, NC, for appellant. J. Brian Scott, Sr., Curtis Lee Bentz, Battle, Winslow, Scott & Wiley, P.A., Rocky Mount, NC, for appellees. On Brief: James F. Hopf, Law Offices of Marvin Blount, Jr., Greenville, NC, for appellant.
 E.D.N.C.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this diversity case, the jury found that the plaintiff car driver did not die as the result of negligence on the part of the driver of the truck which had struck the car from the rear. The district court denied plaintiff's motion for a new trial. The district court had previously granted the defendants' directed verdicts on plaintiff's claims of negligent hiring, retention, and entrustment by the trucking company, and of gross negligence by the driver. Because the jury's verdict was supported by a reasonable interpretation of evidence not shown to be false, we conclude that the verdict was not plainly erroneous, the district court's denial of the motion for new trial was not an abuse of discretion, and the lawfulness of the directed verdicts is moot--as there was no proof of negligence by the driver, there could be neither liability for gross negligence by the driver nor liability for negligence by the company. The only remaining issue raised is that of the judge's conduct during trial, which we find did not amount to plain error.
 
 
 2
 The wrongful death action arose from an accident that occurred in 1991 on a strip of Interstate 95 in North Carolina. A tractor trailer truck struck a Dodge Colt from behind, killing the car's driver, Alejandro Vasquez. The truck was driven by Ernest Flemings in the course of his employment for C.S. Henry Transfer, Inc., a trucking company. Plaintiff Vasquez's estate filed suit against driver Flemings and the trucking company, Henry Transfer, and the case proceeded to a jury trial.
 
 
 3
 Flemings, the sole available eyewitness, testified at trial as follows: The plaintiff's car was travelling southerly at 40-50 miles per hour, while Flemings was travelling southerly at 60-63 miles per hour, in a 65 miles per hour speed zone. Flemings saw plaintiff's car when Flemings was approximately a quarter of a mile behind the car. Flemings testified that the car was in the left lane when he first saw it, and that he increased his speed to pass the car on the right. He did not see the car change lanes, but nevertheless suddenly found himself one and one half or two and one half car lengths behind the car in the right lane. Flemings tried to turn into the left lane to avoid hitting the car, but was unsuccessful.
 
 
 4
 Defendants' accident reconstruction expert opined that the physical evidence established that plaintiff's car swerved in front of Flemings's truck the moment before the truck hit the car, and that Flemings could not possibly have avoided hitting the car. Plaintiff's expert, in contrast, opined that the car may have been travelling in the right lane at all times, and that even if the car had changed lanes, if Flemings had been attentive to the car he would have had enough time to stop or change lanes to avoid hitting the car.
 
 
 5
 Throughout the trial, the district court judge actively interrogated witnesses and commented on the testimony. At the close of the evidence, the district court directed a verdict for defendant Flemings on the claim of gross negligence. The issue of Flemings's negligence went to the jury, which found that the plaintiff's car had not been struck because of the Flemings's negligence. The plaintiff made a motion for a new trial on the grounds that the jury's verdict was against the weight of the evidence. The district court denied the motion, and plaintiff now appeals.
 
 I. The Jury's Verdict on Negligence
 
 6
 Generally, a jury verdict is not reviewable on appeal unless a motion for directed verdict was made at trial. Where, as here, no such motion was made, the standard of review is for "plain error apparent on the face of the record that, if not noticed, would result in a manifest miscarriage of justice." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2536 (1971). A recent Fifth Circuit case expressed the standard as follows:
 
 
 7
 The federal standard mandates that all the evidence must be viewed in a light most favorable to the jury's verdict, and that the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion.
 
 
 8
 Dawson v. Wal-Mart Stores, Inc., 978 F.2d 205, 208 (5th Cir.1992). Implicit in the standard is the Seventh Amendment's guarantee of the right to a jury trial in civil cases. U.S. Const. amend. VII; see also Mattison v. Dallas Carrier Corp., 947 F.2d 95, 108 (4th Cir.1991) ("The right to jury trial secured by the Seventh Amendment thus reserves the weighing of evidence and the finding of facts exclusively to the jury.").
 
 
 9
 Based on a thorough reading of the record submitted, we cannot say that the verdict here was plain error, a miscarriage of justice, or against the weight of such overwhelming evidence that reasonable persons could not arrive at a contrary conclusion. Viewing the evidence in the light most favorable to the verdict, the evidence that the car swerved in front of the truck at a point in time when the truck could not have avoided hitting the car, breaks the causal chain between any negligence on the part of the truck driver and the injury inflicted. A reasonable jury could have found that even if the truck driver acted as safely as reasonably possible, including looking carefully in his direction of travel at all times as North Carolina law requires, e.g. Bowen v. Gardner, 275 N.C. 363, 168 S.E.2d 47, 50-51 (1969), he still would have hit the car. Because reasonable persons could conclude that his negligence, if any, was not the but for cause of the accident, the verdict was not a miscarriage of justice.
 
 II. The Motion for a New Trial
 
 10
 The standard for appellate review of a trial court's decision whether to grant a Rule 59 Motion for a New Trial is abuse of discretion. Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 279 (1989); Defender Industries v. Northwestern Mutual Life Insurance, 938 F.2d 502, 507 (4th Cir.1991). Absent "exceptional circumstances," the trial court's decision will not be reversed. Lindner v. Durham Hosiery Mills, Inc., 761 F.2d 162, 168 (4th Cir.1985). The mere fact that there is very little discussion of the merits of the evidence in a district court's denial of a motion for a new trial is not grounds for finding reversible error. Ellis v. International Playtex, Inc., 745 F.2d 292, 298 (4th Cir.1984).
 
 
 11
 The standard the trial court must apply in deciding whether to grant a motion for a new trial has been described by the Fourth Circuit as follows:
 
 
 12
 Under Rule 59 of the Federal Rules of Civil Procedure, a trial judge may weigh the evidence and consider the credibility of the witnesses and, if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, even if supported by substantial evidence, and grant a new trial.
 
 
 13
 Poynter by Poynter v. Ratcliff, 874 F.2d 219, 223 (4th Cir.1989).
 
 
 14
 Having reviewed the record, we cannot say that the district court abused its discretion in failing to find the verdict to be against the clear weight of the evidence, based on false evidence, or a miscarriage of justice. The plaintiff points to no false evidence or injustices per se, and the evidence, while not weighty on defendants' side in light of the dearth of witnesses to the accident, was not weighty on the plaintiff's side for the same reason. Two accident reconstruction experts testified, and it was the province of the jury to decide between them.
 
 
 15
 III. The Directed Verdict on Hiring, Retention, and Entrustment
 
 
 16
 Reviewing the evidence in the light most favorable to the plaintiff and taking all reasonable inferences from the evidence in plaintiff's favor, see Lust v. Clark Equipment Co., 792 F.2d 436, 437-38 (4th Cir.1986) (reciting standard of appellate review of directed verdict), we find that the directed verdict for Henry Transfer on the issue of hiring, retention, and entrustment was not in error.
 
 
 17
 In North Carolina, liability for negligent entrustment requires: (1) ownership of the vehicle; (2) incompetence, or habitual carelessness or recklessness of the driver to whom its operation is entrusted; (3) the owner's timely knowledge of such incompetence, carelessness or recklessness; and (4) injury to a third person resulting proximately from the negligence, incompetence or recklessness of the driver. Roberts v. Hill, 240 N.C. 373, 82 S.E.2d 373, 377-78 (1954). Similarly, in order to prove liability for negligent employment or retention, the plaintiff must show: " '(1) the specific negligent act on which the action is founded ... (2) incompetency, by inherent unfitness or previous specific acts of negligence ...; (3) either actual notice to the master of such unfitness or bad habits, or constructive notice ...; and (4) that the injury complained of resulted from the incompetency proved.' " Medlin v. Bass, 327 N.C. 587, 398 S.E.2d 460, 462 (1990) (emphasis omitted) (quoting Walters v. Durham Lumber Co., 163 N.C. 536, 80 S.E. 49, 51 (1913)). Because the jury's finding that no injury resulted from negligence on the part of Flemings was not in error, part (4) of both tests is not met, and there can thus be no finding of negligent entrustment, hiring, or retention.
 
 IV. The Directed Verdict on Gross Negligence
 
 18
 Under North Carolina law, gross negligence is only relevant in a wrongful death case to the issue of damages, N.C. Gen.Stat. section 28A-18-2(b)(5) (Michie Supp.1994); a jury must find negligence and liability first, and then may proceed to the issue of damages, including punitive damages, if the negligence found is gross. See Hawkins v. Hawkins, 331 N.C. 743, 417 S.E.2d 447, 449 (1992). In light of the fact that North Carolina law defines gross negligence as "negligence of an aggravated character," Morgan v. Cavalier Acquisition Corp., 111 N.C.App. 520, 432 S.E.2d 915, 924 (N.C.App.), rev. denied, 335 N.C. 238, 439 S.E.2d 149 (1993) (citing cases), the jury's finding that Flemings's negligence did not cause plaintiff's death renders the directed verdict on gross negligence moot. Without negligence, there can be no gross negligence.
 
 V. The District Court's Conduct
 
 19
 Federal Rule of Evidence 614 provides that trial judges may "interrogate" witnesses, and that objections to such interrogation may be made contemporaneously or at the next available opportunity when the jury is not present. F.R.E. 614(b) & (c). Rule 103 provides that error may not be predicated upon admission of evidence where no objection was made at trial, unless the error is "plain error" and affects a substantial right. F.R.E. 103. The Rules have been held by the Fourth Circuit thus to require that when no such objection was properly made, the interrogation is reviewed for "plain error." Stillman v. Norfolk & Western Railway Co., 811 F.2d 834, 839 (4th Cir.1987).
 
 
 20
 Because plaintiff's counsel failed to object to the district court's interrogation at any time during the trial, we review the district court's actions for "plain error"--we may not reverse unless the district court's comments were "sufficiently biased or notorious" and " 'so prejudicial as to deny a party an opportunity for a fair and impartial trial.' " Stillman, 811 F.2d at 839, quoting Miley v. Delta Marine Drilling Co., 473 F.2d 856, 857-58 (5th Cir.), cert. denied, 414 U.S. 871 (1973). Accord Quercia v. United States, 289 U.S. 466, 472 (1933) (reversing verdict upon finding that trial court's comments were "of a sort most likely to remain firmly lodged in the memory of the jury and to excite a prejudice which would preclude a fair and dispassionate consideration of the evidence").
 
 
 21
 The district court commented on the evidence, particularly the technical evidence, and interrogated the witnesses, particularly plaintiff's experts, extensively. The district court gave curative instructions to the jury at the opening and close of the evidence, directing the jury that any of the court's questions or comments should not influence their verdict. Although the better practice would have been to give curative instructions at the time of questioning and commenting, see United States v. Tello, 707 F.2d 85, 89-90 (4th Cir.1983), we cannot say here that the trial court's actions denied the plaintiff an opportunity for a fair and impartial trial. Unlike the trial judges' comments in United States v. Cole and in Quercia v. United States, the comments here were not of the sort likely to cast doubts in the jurors' minds about the veracity of the complaining party's counsel, Cole, 491 F.2d 1276, 1278-79 (4th Cir.1974), or main witness, Quercia, 289 U.S. at 468. Moreover, we must take particular care in cases such as this, where experts are testifying on technical matters, not to chill the trial courts in their efforts to assist juries by "explaining, summarizing, and commenting on the evidence," Seidman v. Fishburne-Hudgins Educational Foundation, Inc., 724 F.2d 413, 417 (4th Cir.1984).
 
 Accordingly, the judgment is hereby
 
 22
 AFFIRMED.